**LUCAS et al. v. CITY OF CHARLOTTE et al.**

**No. 4083.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1936.

J. L. De Laney, of Charlotte, N. C. (Bridges & Orr, of Charlotte, N. C., on the brief), for appellants.

Robert A. Wellons, of Charlotte, N. C., and Harry McMullan, Asst. Atty. Gen. (A. A. F. Seawell, Atty. Gen., and T. W. Bruton, Asst. Atty. Gen., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellants, herein referred to as the plaintiffs, brought this suit in equity in the District Court of the United States for the Western District of North Carolina, in March, 1936, seeking to enjoin the collection of taxes attempted to be collected from the plaintiff's, their agents or employees, by the City of Charlotte, N. C., and the State of North Carolina. An order to show cause was entered by the judge below, and one of the appellees, Leonard C. Cooke, filed a special appearance and entered a plea to the jurisdiction of the court; said appellee also filed an answer and the cause was submitted to the judge below upon an agreed statement of facts. After a hearing, the court entered a decree dismissing the suit. From which action this appeal was brought.

The plaintiffs, doing business under the firm name of Fox Studio, are citizens of the State of Minnesota and are engaged in the business of photography with their place of business located in the City of St. Paul. The appellee City of Charlotte is a municipal corporation and the appellee Pittman is chief of police thereof. Appellee Reid is Deputy Commissioner of Revenue of the State of North Carolina, and appellee Cooke is a member of the Board of Photographic Examiners of the State of North Carolina. Appellee Stinson is tax collector of Mecklenberg county, N. C.

The plaintiffs sent representatives or solicitors into the State of North Carolina to obtain orders for portraits and began to solicit business in the City of Charlotte. In the conduct of the business the solicitor sells a coupon to the prospect for a stated sum and collects a part of the sale price, in accordance with the terms of the coupon, and delivers the coupon to the customer. The customer presents this coupon, at the time and place stated thereon, in the City of Charlotte, pays the balance agreed upon, and has his picture taken. The negative of the picture is then sent by United States mail to the home studio in St. Paul, where it is developed and proofs made therefrom. When the proofs are made from the negatives taken in Charlotte, they are then sent back, by mail, to the representatives in the City of Charlotte, where the customer makes his selection and the proof is mailed back to St. Paul, at which place the picture is finished and shipped by mail back to the customer.

Section 109, chapter 371, Public Laws of the State of North Carolina, 1935, requires the payment of a license tax for photographers, canvassers for any photographer, agent for a photographer in transmitting pictures or photographs to be copied, enlarged, or colored. Chapter 155, Public Laws of the State of North Carolina, 1935, also requires all persons engaged in photography to comply with certain provisions with regard to the license of applicants who desire to practice photography in the state and requires the payment of an annual license fee of $5.

The City of Charlotte, N. C., has an ordinance regulating transient photographers in the city and prescribing a license and bond therefor. This ordinance provides for the payment of a $25 annual license for every transient photographer and each and every agent of any photographer engaged in the selling of coupons or similar device on behalf of the photographer.

The bill prays for relief against all the taxes provided for in the two state laws and the city ordinance and asks that the collection of the various taxes be enjoined. The bill does not allege that the jurisdictional amount is involved but bases its prayer for relief upon the contention that the state laws, above referred to, are unconstitutional, null, and void, in that they discriminate in favor of the citizens of North Carolina against the citizens of other states and that the ordinance of the

city creates a monopoly and confers exclusive or separate immunities or privileges upon the citizens of the State of North Carolina.

■ It is first contended on behalf of the plaintiffs that all of the taxes in question are a burden upon and an interference with interstate commerce and therefore void. To support this contention the case of Dozier v. State of Alabama, 218 U.S. 124, 30 S.Ct. 649, 54 L.Ed. 965, 28 L.R.A.(N.S.) 264, is relied upon, but an examination shows that the facts in the Dozier Case are different from those existing here. The record shows that here the orders are gotten, payment received, and the picture or photograph actually taken all in the City of Charlotte. We do not think that the fact that the negatives of the photographs, after the taking, are sent away to Minnesota to be finished, makes the transaction one of interstate commerce. The actual work of the photographer is done in the state and the mechanical finishing of the negative does not change the fact that the photographer is carrying on his business in the City of Charlotte and the State of North Carolina.

■ An important question in this case is whether the suit involves the jurisdictional amount. The taxes which were imposed did not exceed $75 per annum, and this amount was inadequate to confer jurisdiction upon the court notwithstanding the fact that the value of the business involved may have exceeded the sum of $3,000. A discussion of a similar question will be found in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248, where the Supreme Court held with regard to a tax imposed by the State of New Hampshire for the sale and distribution of vacuum cleaners by a citizen of Massachusetts through their sale and delivery to purchasers by traveling salesmen, in the State of New Hampshire, that the amount in controversy was the amount of taxes due, and not the value of the right to conduct the business. In that case Mr. Justice Stone said with reference to the policy of Congress in fixing a minimum jurisdictional amount for the federal courts (292 U.S. 263, at page 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248): "Pursuant to this policy the jurisdiction of federal courts of first instance has been narrowed by successive acts of Congress, which have progressively increased the jurisdictional amount. The policy of the statute calls for its strict construction. The power reserved to the states, under the Constitution (Amendment 10) to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution (article 3). See Kline v. Burke Construction Co., 260 U.S. 226, 233, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. See Matthews v. Rodgers, supra, at page 525 of 284 U.S., 52 S.Ct. 217, 76 L.Ed. 447; compare Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249."

The contentions are made in behalf of the appellees in this suit that the plaintiffs had an adequate remedy at law by first paying the tax and suing to recover it back (Fishback et al. v. Western Union Telegraph Co., 161 U.S. 96, 16 S.Ct. 506, 40 L.Ed. 630); and also that the bill is defective because of a misjoinder of parties. The court below held with the appellees as to all of these contentions. In view of our conclusions as to the intrastate character of the business sought to be carried on by the plaintiffs, and the absence of a sufficient jurisdictional amount, there is no need to discuss the other points involved. The plaintiffs admitted in their argument and brief if it should be held that the plaintiffs are not engaged in interstate commerce the federal courts would not have jurisdiction.

The action of the court below in ordering that the bill be dismissed at the cost of the complainants was correct, and the decree is accordingly affirmed.