32128.   GRAVES *v.* CITY OF GAINESVILLE.
32129.   SMITH *v.* CITY OF GAINESVILLE.

DECIDED DECEMBER 3, 1948.

*Joe Van Derveer, G. Fred Kelley, Sam Harben,* for plaintiffs in error.

*John E. Frankum, J. E. Palmour Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Although counsel for the plaintiff stated by brief and orally that, in the case of *Graves* v. *City of Gainesville* (No. 32128), the defendant in error declines to litigate further and agrees to the entry of the order directing that this case be dismissed, yet since this position is taken by the defendant in error, the case must be reversed by this court in order for such direction to be given, and since a decision of the case on its merits has this effect, it is being considered and decided along with the case of *Smith* v. *City of Gainesville* (No. 32129), a decision of one of said cases being controlling as to the other.

Counsel for both sides have demonstrated outstanding legal

knowledge and ability in the preparation of very exhaustive and instructive briefs. Counsel for the plaintiff contend that the ordinance is valid on a number of grounds and for a number of reasons, including the grounds that it provided reasonable classification for the business of photography, that it was enacted as a police regulation for the protection of the citizens of Gainesville against probable fraudulent conduct of itinerant tradesmen, and that, as such, the ordinance is a proper and valid use of the police power of the city.

Counsel for the defendants contend that classification is not a proper issue; that the ordinance is invalid because photography is not a matter about which a city can legislate as an exercise of its police power; that the ordinance is in contravention of the traveling-salesman statute of this State (Code, § 92-4105); and that the ordinance is invalid as being in violation of the commerce clause of the Constitution of the United States, it being insisted that it discriminates against and imposes an undue burden on such commerce.

If the latter is true, if the ordinance is in violation of the commerce clause of the Constitution of the United States as contained in art. I, sec. 8, par. 3, hereinbefore quoted, then a determination of the numerous other questions of law raised by the briefs of counsel for both sides is unnecessary, as for instance, if the ordinance is in violation of the commerce clause of the Constitution, it cannot relieve itself of this stigma even if it does constitute a reasonable classification for the business of photography; also, if it is offensive to the commerce clause of the Constitution of the United States because it imposes an undue burden on interstate commerce, it cannot overcome this fatal defect because it also relates to a subject-matter over which the city is empowered to exercise its police power. Of course, if the ordinance can and does classify the occupations to which it relates and then provides for the exercise of the police power of the city over the same in such way as not to contravene any provision of the Constitution of the United States or of this State, or any superior statutory law, then and in that event the ordinance is valid. If, on the other hand, the ordinance clearly stands in violation of such provisions of law, constitutional or statutory, then it must yield.

The terms of a statute or ordinance will sometimes themselves disclose whether it is enacted as a police measure or a revenue measure. The provision of the ordinance in the instant case, requiring each canvasser or agent taking orders for pictures, before starting to work, to register with the police department, etc., is urged by the plaintiff as conclusive evidence that the same is a police measure. However, the tax imposed by the ordinance on a resident photographer of Gainesville is $15 per year, whereas that imposed on itinerant photographers is $10 per day. In Lochner v. New York, 198 U. S. 45 (25 Sup. Ct. 539, 49 L. ed. 937), it is held as follows: "It is impossible for us to shut our eyes to the fact that many laws of this character while passed under what is claimed to be the police power, for the purpose of protecting the public health or welfare, are, in reality, passed for other motives." While not all burdens upon commerce, but only undue discriminatory ones, are forbidden, yet the difference in taxes of $15 per year and approximately $3000 per year on the same occupation is of such magnitude that it could hardly be classed other than as discriminatory. In Nippert v. Richmond, 327 U. S. 416, 425 (66 Sup. Ct. 586, 90 L. ed. 760), it is said: "As has been so often stated, but nevertheless seems to require constant repetition, not all burdens upon commerce, but only undue or discriminatory ones, are forbidden. For, though interstate commerce must pay its way, a State consistently with the commerce clause cannot put a barrier around its borders to bar out trade from other States and thus bring to naught the great constitutional purpose of the fathers in giving to Congress the power . . to regulate commerce with foreign nations, and among the several States." Therefore it necessarily follows that this ordinance is discriminatory and in effect builds a barrier around the borders of the City of Gainesville so as to bar other photographers than those who reside therein; and since the business activity here under consideration amounts to interstate commerce, the ordinance in question puts an undue burden on it and consequently becomes offensive to art. I, sec. 8, par. 3, of the Constitution of the United States.

Nippert v. City of Richmond, supra, involved a municipal ordinance imposing upon persons engaged in business as solicitors

an annual license tax of $50 and 1/2 of 1% of the gross earnings for the preceding license year in excess of $1000. A permit from the director of public safety was a prerequisite to the issuance of the license, and violators were subject to criminal penalties. The court held in that case that this ordinance violated the commerce clause of the Federal Constitution.

In the instant case, the defendants received their compensation by the advance payment of the customers of the corporation in Gainesville, the same being 50 cents to the defendant Graves for soliciting the order and 50 cents to the defendant Smith for his services as cameraman. It was held in Real Silk Hosiery Mills v. Portland, 268 U. S. 325 (1) (45 Sup. Ct. 525, 69 L. ed. 982), as follows: " 'The negotiation of sales of goods which are in another State, for the purpose of introducing them into the State in which the negotiation is made, is interstate commerce.' Manifestly, no license fee could have been required of appellant's solicitors if they had traveled at its expense and received their compensation by direct remittances from it. And we are unable to see that the burden on interstate commerce is different or less because they are paid through retention of advanced partial payments made under definite contracts negotiated by them. Nor can we accept the theory that an expressed purpose to prevent possible frauds is enough to justify legislation which really interferes with the free flow of legitimate interstate commerce."

In Crenshaw v. Arkansas, 227 U. S. 389 (33 Sup. Ct. 294, 57 L. ed. 565), it is held that the negotiation of the sale of goods which are in a State other than the State in which the negotiation is made, is interstate commerce.

Brennan v. Titusville, 153 U. S. 289 (14 Sup. Ct. 829, 38 L. ed. 719), holds as follows: "An ordinance requiring agents soliciting orders on behalf of manufacturers of goods to take out a license and pay a tax therefor, made by a municipal corporation under authority conferred by a statute of the State, granting to such corporations power to levy and collect license taxes on hawkers, peddlers and merchants of all kinds, is an exercise, not of the police power, but of the taxing power; and when it is enforced against an agent, sent by a manufacturer of goods in another State to solicit orders for the products of his manufactory, it

imposes a tax upon interstate commerce, in violation of the provisions of the Constitution of the United States." See *Loh* v. *Macon,* 8 *Ga. App.* 744(1) (70 S. E. 149); *City of Atlanta* v. *York Mfg. Co.,* 155 *Ga.* 33(1) (116 S. E. 195); *Dennison Mfg. Co.* v. *Wright,* 156 *Ga.* 789 (120 S. E. 120).

Counsel for the plaintiff contends that the acts of the defendant Smith constitute a separate and distinct incident from the interstate commerce of the corporation, and being local in their nature were therefore subject to vocational classification and tax.

In Nippert *v.* City of Richmond (page 423), the following is held: "All interstate commerce takes place within the confines of the States and necessarily involves 'incidents' occurring within each State through which it passes or with which it is connected in fact. And there is no known limit to the human mind's capacity to carve out from what is an entire or integral economic process particular phases or incidents, label them as 'separate and distinct' or 'local,' and thus achieve its desired result."

The defendants, as agents of Olan Mills Inc. of Alabama, were engaged solely in interstate commerce in the City of Gainesville. The ordinance, for the violation of which they were convicted, placed an undue burden on such commerce, and is therefore in violation of art. I, sec. 8, par. 3, of the Constitution of the United States.

The trial court erred in overruling the writs of certiorari in the within cases.

*Judgment reversed in each case. MacIntyre, P. J., and Gardner, J., concur.*