The appellant (plaintiff in the court below) filed its bill of complaint in the Circuit Court in and for Leon County, Florida, against the appellee, the City of Tallahassee (defendant below).
The bill of complaint alleged:
"1. That appellant is an Alabama corporation with its principal place of business in Tuscaloosa, Alabama, and the appellee is a municipal corporation under the laws of Florida.
"2. That appellant is engaged in the business of photography and conducts its business in the following manner: Under the direct supervision of the home office of the corporation in Tuscaloosa, Alabama, an advance sales unit composed of from two to five traveling solicitors canvasses or solicits orders in a municipality for photographs. All orders are taken for future delivery to be manufactured, processed and finished in Tuscaloosa, Alabama. At the time an order is taken an advance deposit of fifty (50¢) cents is collected, which is retained by the solicitor as part of his compensation; the customer is given a duplicate copy of the order, and is notified when and where to appear to have a `sitting' or `exposure' made. The order is then delivered to the traveling cameraman, an employee and under the direct supervision of the corporation, who usually arrives in the municipality a few days after the orders are taken by the solicitor.
"At the appointed time and place (usually a leading hotel in the municipality) the traveling cameraman takes the `sitting' or `exposure'. At the time of such `sitting' an additional deposit of fifty (50¢) cents is collected. For the one dollar total deposit which has been made the customer becomes entitled to receive one 8 x 10 unmounted photograph from a proof to be selected by the customer. The order, the exposed negatives made at the `sitting' or *Page 522 
`exposure' with the fifty cents deposit, are then sent by mail to the home office of the corporation in Tuscaloosa, Alabama, where the order is accepted or rejected, and if rejected the total deposit of $1.00 is returned to the customer. The negatives are developed, processed, and the proofs manufactured at the home office of the corporation. The proofs are then sent from the home office at Tuscaloosa, Alabama, by mail to another traveling representative of the corporation temporarily in the municipality, and who is under the direct supervision of the home office of the corporation.
"The customer is thereupon notified by mail from the home office of the day and place to meet the traveling representative of the corporation for the purpose of selecting the proof for the picture, to which the customer has become entitled, and for the purpose of ordering such additional pictures as the customer shall desire, if any. All orders for additional pictures are taken subject to the acceptance or rejection of such orders by the home office in Tuscaloosa, Alabama. The traveling representative of the corporation then sends by mail to the home office the proof selected by the customer and the order for additional pictures, if any. The picture to which the customer is entitled is then sent by mail to the customer and if the order for additional photographs is accepted, such additional photographs are mailed to the customer C.O.D., and included in the C.O.D. package is the picture to which the customer is entitled.
"3. That plaintiff, in its operations in Tallahassee, would have an advance sales unit of approximately four persons who would solicit orders in the City for a period of from three to four weeks; that thereafter a traveling cameraman would take the exposures of the persons from whom orders had been solicited and that such traveling cameraman would be in the City for approximately one week; thereafter another traveling representative of the appellant would be in the City approximately one to two weeks for the purpose of submitting proofs to customers and for the taking of orders for additional photographs; that the entire operation of the appellant as outlined would take place in the City of Tallahassee on an average of three times each year.
"4. That appellant is ready to do business in the City of Tallahassee and except for a City Ordinance of such City, would now and in the future do business in Tallahassee.
"5. That the appellee has enacted Ordinance No. 531 imposing occupational license taxes. That under such Ordinance the appellant would be required to pay a license tax of $50.00 for each of its agents, solicitors, or representatives for each week or portion of each week during which such of its agents, solicitors, or representatives worked in the City of Tallahassee; whereas, a photographer who maintains a studio or place of business in Tallahassee, conducting the same type of business, regardless of the number of solicitors, agents, representatives, or employees employed, is only required to pay a license tax in the amount of $25.00 per year. In addition thereto the appellant would be required to post a $1,000.00 bond with the City of Tallahassee, conditioned upon the faithful performance by the appellant of all obligations incurred by it as such transient photographer and in connection with solicitations as may be made in the City of Tallahassee to the end that the public may be protected against loss on account of any fraud or misrepresentation by the appellant, while no security bond whatsoever is required of photographers who maintain a studio or place of business in the City of Tallahassee.
"6. That appellant's activities above described constitute interstate commerce and the ordinance imposes an undue burden on and discriminates against such commerce.
"7. That the ordinance discriminates between appellant and local photographers solely on the basis of residence.
"8. That the license tax under the ordinance is excessive, arbitrary and unreasonable on its face and in effect deprives appellant of the privilege of doing *Page 523 
business in Tallahassee without due process of law.
"9. That there is no reasonable basis for the excessive, arbitrary and unreasonable difference in the amount of the license tax sought to be imposed upon the appellant and the license tax imposed on the local photographer who regularly maintains a place of business in Tallahassee; that the excessive amount of the tax sought to be imposed upon the appellant, as compared with the small amount of the tax imposed upon the local photographer, is beyond the necessities required for regulating the appellant's business and is not a regulation of such business but a prohibition to the doing of such business.
"10. That such ordinance is invalid as to the appellant in that the classification of the appellant is arbitrary and unreasonable.
"11. Appellant, in view of such excessive and discriminatory license tax is, in effect, prohibited from doing business in Tallahassee and thereby suffers irreparable loss and damage; that if appellant should attempt to operate in Tallahassee without paying such license tax, all of its agents and employees representing it in the City of Tallahassee would be subject to criminal prosecution under the provisions of Section 773 of the City ordinances and its equipment would be seized and sold by the appellee under the provisions of such Section."
The bill then prays for a temporary injunction and for the entry of a permanent injunction upon final hearing.
To the bill of complaint the appellee filed a motion to dismiss. This motion, in effect, challenged the legal sufficiency of the bill and took issue with the conclusion that the ordinance under attack was invalid.
The Court found that there was equity in the bill and overruled the motion to dismiss.
Thereafter the appellee filed its answer admitting the allegations of paragraphs numbered 1 through 4, inclusive, of the complaint but denied the allegations of paragraphs numbered 6 through 9 of the complaint. In further answering paragraph numbered 9 of the complaint, the answer alleged that the ordinance and tax complained of were the result of the valid exercise of the revenue and police powers of the appellee and that appellant's business was a fit and proper subject for regulation under appellee's police power. In further answering the complaint the appellee alleged that the business of photography required skill and artistry in the taking of proper exposures and was a commercial activity which by its nature and method of conduct may readily lend itself as an instrumentality of fraud and deception upon the public and is a fit subject for regulation by the appellee.
The matter was then referred to a special examiner and the special examiner filed his report containing the testimony adduced before him.
The Circuit Court, upon final hearing, entered its final decree, in which decree the court stated:
"1. That plaintiff's solicitor engaged in taking orders for pictures on the basis of proofs previously developed from negatives and which pictures are then shipped into the State of Florida from a point outside thereof, is engaged in interstate commerce and the ordinance under attack is inapplicable as to such solicitor and the defendant has in argument conceded the inapplicability of the ordinance to such persons.
"2. That the business of the plaintiff as transacted in the City of Tallahassee, except as to the solicitor heretofore mentioned in Paragraph 1, does not constitute interstate commerce within the purview of Clause 3, Section 8, Article I of the Constitution of the United States and, therefore, the ordinance is not subject to the attack made upon it that it discriminates against and places an undue burden upon interstate commerce.
"3. That the ordinance is invalid as to all of plaintiff's solicitors and the business representatives described in the Bill of Complaint excepting the cameraman on authority of the case of Hamilton v. Collins, 114 Fla. 276, 154 So. 201. *Page 524 
"4. That the ordinance is valid as to the cameraman described in the Bill of Complaint and since such ordinance is applicable only to such cameraman, the license tax provided in such ordinance is not arbitrary, excessive or discriminatory."
Upon the basis of the quoted opinion the court enjoined the enforcement of the ordinance except as to the traveling cameraman employed by the appellant.
The primary and controlling question presented for our determination is whether Ordinance No. 531 of the City of Tallahassee as applied to appellant violates Article One, Section Eight, Clause Three, of the Constitution of the United States.
The proper answer to this question must be determined by first deciding whether the entire method of operation of the appellant in the conduct of its business constitutes interstate commerce. If each of the operations of its several employees constitutes an inseparable link in a chain of events which should be considered as a whole and when so considered would result in the plaintiff's business falling within the category of interstate commerce, then the ordinance under attack is clearly unconstitutional as being violative of Article I, Section 8, Clause 3, of the Constitution of the United States.
This Court has never passed directly upon the question which is presented in this case. However, counsel on both sides find comfort, by analogy, in many of our prior adjudications. Such a situation is not unusual. It does, however, demonstrate the verity of the oft-repeated statement that "reasonable minds may differ."
It is not deemed necessary to discuss the Florida cases which counsel feel are indicative of this Court's leaning for there are well-reasoned opinions from other jurisdictions which are directly in point. We have studied the cases to which we refer and have concluded that the Court of Appeals of Georgia in the case of Graves v. City of Gainesville, 78 Ga. App. 186,51 S.E.2d 58, 59, and the Supreme Court of New Hampshire in the case of Warren Kay Vantine Studio, Inc., v. City of Portsmouth et al.,95 N.H. 171, 59 A.2d 475, reached the proper conclusion and correctly interpreted the opinion of the United States Supreme Court in the case of Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760, 162 A.L.R. 844.
Counsel for appellee has a contrary view and is of the opinion that the Georgia and New Hampshire cases were predicated upon misconception of the law as pronounced by the Supreme Court of the United States in the case of Nippert v. City of Richmond, supra. He too has cited a "spotted horse" case which is Lucas v. City of Charlotte, 4 Cir., 86 F.2d 394, 109 A.L.R. 297. However, the above case was decided prior to the case of Nippert v. City of Richmond, supra, and said case could not have been interpreted or misinterpreted by the Federal Court in the Lucas case. On the other hand, the courts of Georgia and New Hampshire rendered their decisions subsequent to the filing, and upon a consideration, of the opinion by the Supreme Court of the United States in the Nippert case.
In determining whether the operation of any particular employee of the appellant constitutes a separate and distinct incident from the interstate commerce of the corporation and is local in its nature which subjects it to vocational classification and tax, we are constrained to follow the reasoning of the court of last resort of the State of Georgia which rejected the theory of a separate and distinct incident and in so doing relied on the case of Nippert v. City of Richmond, supra, from which it quoted with approval, as follows [327 U.S. 416, 66 S.Ct. 589]: "* * * All interstate commerce takes place within the confines of the states and necessarily involves `incidents' occurring within each state through which it passes or with which it is connected in fact. And there is no known limit to the human mind's capacity to carve out from what is an entire or integral economic process particular phases or incidents, label them as `separate and distinct' or `local,' and thus achieve its desired result."
The opinion in the case of Graves v. City of Gainesville, supra, discloses the *Page 525 
fact that the method of doing business in the City of Gainesville, Georgia, was identical with the method which would be employed by the appellant in the City of Tallahassee, Florida. Indeed, the successful litigants in said case were a solicitor and cameraman of Olan Mills, Inc., the appellant in the instant case.
It is our conclusion that the method of operation of its business as established by the appellant requires us to hold that such business is properly classified as interstate commerce.
We must also determine whether the ordinance which is under attack places an undue burden upon interstate commerce because it is conceded that such commerce is subject to reasonable regulation under the police power and must pay its fair share of taxes.
In considering the question of "its fair share of taxes" we should be ever mindful of the admonition delivered by the eminent and lamented Chief Justice John Marshall when he profoundly declared that "the power to tax involves the power to destroy". McCulloch v. The State of Maryland et al., 4 Wheat. 316, 4 L.Ed. 579.
In the case of Graves v. City of Gainesville, supra, the City Ordinance which was held invalid as constituting a violation of Article I, Sec. 8, Clause 3, of the Constitution of the United States imposed a tax on a resident photographer of $15.00 per year and on an itinerant photographer of $10.00 per day. Ordinance No. 531 of the City of Tallahassee imposes an annual tax of $25.00 per year on a local photographer and a license tax of $50.00 per week on "each and every transient soliciting business for the manufacture, printing, enlargement, copying or coloring of miniatures or photographs". Such a differential between a tax imposed upon the local photographers and that imposed upon the itinerant photographers who are engaged in the same occupation and in interstate commerce is palpably discriminatory, unreasonable, if indeed it is not prohibitive, and clearly places an undue burden on interstate commerce.
Ordinance No. 531, of the City of Tallahassee offends Article I, Sec. 8, Clause 3 of the Constitution of the United States and should be and it is hereby declared invalid as applied to the appellant herein and each and every of its employees, including the cameraman.
It follows that the cross-assignments of error are without merit.
Reversed in part and affirmed in part.
ADAMS, C.J., and TERRELL, CHAPMAN and THOMAS, JJ., concur.
ROBERTS, J., dissents.
SEBRING, J., not participating because of illness.