342 U.S. 389 (1952)
MEMPHIS STEAM LAUNDRY CLEANER, INC.
v.
STONE, CHAIRMAN, STATE TAX COMMISSION.
No. 253.
Supreme Court of United States.
Argued December 3, 1951.
Decided March 3, 1952.
APPEAL FROM THE SUPREME COURT OF MISSISSIPPI.
C. E. Clifton argued the cause for appellant. With him on the brief were W. H. Watkins, Sr., P. H. Eager, Jr. and Thomas H. Watkins.
J. H. Sumrall submitted on brief for appellee.
MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.
The question before us is whether a Mississippi tax laid upon the privilege of soliciting business for a laundry *390 not licensed in that State infringes the Commerce Clause.[1]
Appellant operates a laundry and cleaning establishment in Memphis, Tennessee. In serving the area surrounding Memphis, appellant sends ten of its trucks into eight Mississippi counties where its drivers pick up, deliver and collect for laundry and cleaning and seek to acquire new customers. Appellee, who is Chairman of the State Tax Commission of the State of Mississippi, demanded that appellant pay $500 under the following provisions of the Mississippi "state-wide privilege tax law of 1944":[2]
"Sec. 3. Every person desiring to engage in any business, or exercise any privilege hereafter specified shall first, before commencing same, apply for, pay for, and procure from the state tax commissioner or commissioner of insurance, a privilege license authorizing him to engage in the business or exercise the privilege specified therein, and the amount of tax shown in the following sections is hereby imposed for the privilege of engaging or continuing in the business set out therein."
"Sec. 45. Upon each person doing business as a transient vendor, or dealer, as defined in this section, and upon which a privilege tax is not specifically imposed by another section of this act, a tax for each county according to the following schedules:

.....
"(t) Upon each person soliciting business for a laundry not licensed in this state as such, in each county . . . . . . . . . .$50.00

.....

*391 "(y) Provided however, that where any person subject to the payment of the tax imposed in this section, makes use of more than one vehicle in carrying on such business, the tax herein imposed shall be paid on each vehicle used in carrying on such business."
After paying the $500 tax as demanded to prevent arrest of its drivers and seizure of its ten trucks, appellant sued for refund in a state court, claiming that the Mississippi tax act was not applicable to its operations and that, if so applied, the tax would violate the Commerce Clause. Judgment was entered for appellant in the trial court but the Mississippi Supreme Court reversed, holding that appellant's drivers were "transient vendors or dealers" within the meaning of the statute and that application of the tax to appellant did not conflict with the Commerce Clause.[3] The case is here on appeal. 28 U. S. C. (Supp. IV) § 1257 (2).
In passing upon the validity of a state tax challenged under the Commerce Clause, we first look to the "operating incidence" of the tax.[4] The Mississippi Act requires a "privilege license" and imposes a "privilege tax" upon appellant's employees "soliciting business." The Mississippi Supreme Court described the tax as follows:
". . . The tax involved here is not a tax on interstate commerce, but a tax on a person soliciting business for a laundry not licensed in this state, a local activity which applies to residents and non-residents alike."[5]
*392 The State may determine for itself the operating incidence of its tax. But it is for this Court to determine whether the tax, as construed by the highest court of the State, is or is not "a tax on interstate commerce."[6]
It would appear from portions of the opinion of the court below that the tax is laid upon the privilege of soliciting interstate business on the theory that solicitation of customers for interstate commerce is a local activity subject to state taxation. However, the opinion below may also be read as construing the statutory term "soliciting" more broadly, thereby resting the tax upon appellant's activities apart from soliciting new customers in Mississippi, namely the pick up and delivery of laundry and cleaning on regular routes within the State. Each construction of the statute raises different considerations. But clarification of the operating incidence of the tax is not required for disposition of this case since we find that the tax violates the Commerce Clause under either reading of the statute.

I.
In the long line of "drummer" cases, beginning with Robbins v. Shelby County Taxing District, 120 U. S. 489 (1887),[7] this Court has held that a tax imposed upon the solicitation of interstate business is a tax upon interstate *393 commerce itself.[8] Whether or not solicitation of interstate business may be regarded as a local incident of interstate commerce, the Court has not permitted state taxation to carve out this incident from the integral economic process of interstate commerce.[9] As the Court noted last term in a case involving door-to-door solicitation of interstate business, "Interstate commerce itself knocks on the local door."[10]
If the Mississippi tax is imposed upon the privilege of soliciting interstate business, the tax stands on no better footing than a tax upon the privilege of doing interstate business. A tax so imposed cannot stand under the Commerce Clause.[11]Spector Motor Service v. O'Connor, 340 U. S. 602, 608-609 (1951), and cases cited therein.

*394 II.
On the assumption that the tax is imposed upon appellant's Mississippi activities of picking up and delivering laundry and cleaning, the "peddler" cases are invoked in support of the tax. Under that line of decisions,[12] this Court has sustained state taxation upon itinerant hawkers and peddlers on the ground that the local sale and delivery of goods is an essentially intrastate process whether a retailer operates from a fixed location or from a wagon. However, assuming for the purposes of this case that Mississippi imposes its $50 per truck tax only upon the privilege of conducting intrastate activities, the tax must be held invalid as one discriminating against interstate commerce.[13]
The $50 per truck tax is applicable only to vehicles used by a person "soliciting business for a laundry not licensed in this state as such." (Emphasis supplied.) Laundries licensed in Mississippi pay a fixed fee to the municipality in which located, plus a tax of $8 per truck *395 upon each truck used in other municipalities.[14] As a result, if appellant "solicits" business in a Mississippi municipality, it must pay a tax of $50 per truck while a competitor located in another Mississippi locality must pay a tax of only $8 per truck. The "peddler" cases are inapposite under such a showing of discrimination since they support state taxation only where no discrimination against interstate commerce appears either upon the face of the tax laws or in their practical operation.[15]
To sum up, we hold that the tax before us infringes the Commerce Clause under either interpretation of the operating incidence of the tax. The Commerce Clause created the nation-wide area of free trade essential to this country's economic welfare by removing state lines as impediments to intercourse between the states.[16] The tax imposed in this case made the Mississippi state line into a local obstruction to the flow of interstate commerce that cannot stand under the Commerce Clause.
Reversed.
MR. JUSTICE BLACK dissents.
NOTES
[1] U. S. Const., Art. I, § 8.
[2] Laws of Mississippi, 1944, c. 138, §§ 3, 45.
[3] 53 So. 2d 89 (1951). The Mississippi Supreme Court also rejected appellant's claims under the Fourteenth Amendment. We do not reach these issues under our disposition of the case.
[4] Spector Motor Service v. O'Connor, 340 U. S. 602 (1951).
[5] 53 So. 2d at 90.
[6] McLeod v. Dilworth Co., 322 U. S. 327 (1944); Crenshaw v. Arkansas, 227 U. S. 389, 400-401 (1913).
[7] Cases in this Court following the Robbins decision include: Corson v. Maryland, 120 U. S. 502 (1887); Asher v. Texas, 128 U. S. 129 (1888); Stoutenburgh v. Hennick, 129 U. S. 141 (1889); Brennan v. Titusville, 153 U. S. 289 (1894); Stockard v. Morgan, 185 U. S. 27 (1902); Caldwell v. North Carolina, 187 U. S. 622 (1903); Rearick v. Pennsylvania, 203 U. S. 507 (1906); International Textbook Co. v. Pigg, 217 U. S. 91 (1910); Dozier v. Alabama, 218 U. S. 124 (1910); Crenshaw v. Arkansas, note 6, supra; Rogers v. Arkansas, 227 U. S. 401 (1913); Stewart v. Michigan, 232 U. S. 665 (1914); Davis v. Virginia, 236 U. S. 697 (1915); Cheney Bros. Co. v. Massachusetts, 246 U. S. 147 (1918); Real Silk Hosiery Mills v. Portland, 268 U. S. 325 (1925); Best & Co. v. Maxwell, 311 U. S. 454 (1940); Nippert v. Richmond, 327 U. S. 416 (1946).
[8] "The negotiation of sales of goods which are in another state, for the purpose of introducing them into the state in which the negotiation is made, is interstate commerce." 120 U. S. at 497; Real Silk Hosiery Mills v. Portland, note 7, supra, at 335.
[9] Nippert v. Richmond, note 7, supra, at 422-423.
[10] Bread v. Alexandria, 341 U. S. 622, 636 (1951). In sustaining the ordinance before it as one that was neither an added financial burden on sales in commerce nor an exaction for the privilege of doing interstate commerce, the Court made the following statement pertinent to the instant case:

"While taxation and licensing of hawking or peddling, defined as selling and delivering in the state, has long been thought to show no violation of the Commerce Clause, solicitation of orders with subsequent interstate shipment has been immune from such an exaction." 341 U. S. at 638.
[11] In McGoldrick v. Berwind-White Co., 309 U. S. 33, 58 (1940), the Court sustained a tax "conditioned upon a local activity, delivery of goods within the state upon their purchase for consumption." It was in that context that Robbins v. Shelby County Taxing District, supra, was referred to as resting upon discrimination inherent in fixed-sum license taxes. 309 U. S. at 56-57; Best & Co. v. Maxwell, note 7, supra, at 455-456; Nippert v. Richmond, note 7, supra, at 424-425. Compare Freeman v. Hewit, 329 U. S. 249, 257-258 (1946).
[12] In the leading opinion, Emert v. Missouri, 156 U. S. 296 (1895), the Court reaffirmed Machine Co. v. Gage, 100 U. S. 676 (1880), and other earlier cases. Subsequent additions to the line of "peddler cases" include: Baccus v. Louisiana, 232 U. S. 334 (1914); Wagner v. Covington, 251 U. S. 95 (1919); Caskey Baking Co. v. Virginia, 313 U. S. 117 (1941).
[13] Nippert v. Richmond, note 7, supra; Best & Co. v. Maxwell, note 7, supra; Hale v. Bimco Trading, Inc., 306 U. S. 375 (1939); Walling v. Michigan, 116 U. S. 446, 460-461 (1886); Webber v. Virginia, 103 U. S. 344 (1881); Guy v. Baltimore, 100 U. S. 434 (1880); Welton v. Missouri, 91 U. S. 275 (1876).
[14] Laws of Mississippi, 1944, c. 137, § 110, imposes the following tax:

"Upon each person operating a laundry other than a hand laundry, as follows:

 In municipalities of class 1......................... $120.00
 In municipalities of class 2......................... 80.00
 In municipalities of classes 3 and 4................. 60.00
 In municipalities of classes 5, 6, 7 and elsewhere in
 the county ....................................... 32.00
 Upon each truck or other vehicle for such laundry
 in a municipality other than where the laundry is
 located .......................................... 8.00"

[15] Caskey Baking Co. v. Virginia, note 12, supra, at 119-120; Wagner v. Covington, note 12, supra, at 102; Emert v. Missouri, note 12, supra, at 311; Machine Co. v. Gage, note 12, supra, at 679.
[16] Gibbons v. Ogden, 9 Wheat. 1, 189 (1824); Hood & Sons v. DuMond, 336 U. S. 525, 533-535, 538-539 (1949).