DREW, Justice.-
This is an appeal from a final decree sustaining a motion to dismiss á complaint for injunction and assessing costs against the plaintiff.
The complaint is patterned after that which appears at length in Olan Mills, Inc. of Alabama v. City of Tallahassee, Fla.1949, 43 So.2d 521. In most respects the allegations of the complaints are- identical. The only substantial difference in the case presented in Olan Mills, Inc., of Alabama v. City of Tallahassee and the case now- before us is the, amount of the tax imposed by the municipal- ordinance on the agents of appellant.
Two primary questions are presented here. The first is whether the business conducted by the appellant as alleged in the complaint could be properly classified as inter-state commerce. This must be answered in the affirmative on the authority of Olan Mills, Inc., of Alabama v. City of Tallahassee, supra.
The second proposition presented is whether the tax imposed by the- Panama City ordinance constitutes an undue burden on inter-state commerce and consequently is violative of the provisions of Article 1, Section 8, -Clause 3, of the Constitution of the United States. The Panama City ordinance imposes a tax of $25 per year upon each agent-soliciting business for foreign firms or corporations where the principal pays 'no license tax in the city. The ordinance also imposes a license tax of $25 per week on itinerant photographers whereas the tax imposed on photographers residing in the city is $15 per year. While the amounts involved in the Panama City ordinance and the Tallahassee ordinance are slightly different, the principles upon which we held the tax imposed by the Tallahassee ordinance amounted to an un *562 due burden upon inter-state commerce are equally applicable to the Panama City ordinance. In the Tallahassee case [43 So.2d 525], with reference thereto, we said, “Such a differential between a tax imposed upon the local photographers and that imposed upon the itinerant photographers who are engaged in the same occupation and in interstate commerce is palpably discriminatory, unreasonable, if indeed it is not prohibitive, and clearly places an undue burden on interstate commerce.” The above language is clearly applicable to the Panama City ordinance under the principle announced in that case and the numerous cases therein cited. See also the more recent case of Memphis Steam Laundry Cleaner, Inc., v. Stone, 342 U.S. 389, 72 S.Ct. 424, 96 L.Ed. 436, and the numerous authorities therein cited and discussed; Railway Express Agency, Inc., v. Commonwealth of Va., 347 U.S. 359, 74 S.Ct. 558, 98 L.Ed. 757; Michigan-Wisconsin Pipe Line Co. v. Calvert (Panhandle Eastern Pipeline Company v. Calvert), 347 U.S. 157, 74 S.Ct. 396, 98 L.Ed. 583.
The appellee argues that the lower court should be upheld because the complaint failed to allege that any of the appellant’s agents are actually within the City of Panama City and further failed to allege any act on the part of the municipality done or attempted by it or anticipated or apprehended by complainant which, unrestrained, could result in the collection from the appellant of any tax against its will. This point also must be concluded against the contention of appellee on the authority of Olan Mills, Inc., of Alabama v. City of Tallahassee, supra. Compare Tatum v. City of Hallandale, Fla.1954, 71 So.2d 495. And see Watson v. Centro Espanol De Tampa, 158 Fla. 796, 799, 30 So.2d 288, 290, where we observed that “It is quite true that equity cannot ordinarily be invoked to enjoin the prosecution of a crime, but the rule is equally as well settled that equitable jurisdiction may be invoked to restrain criminal prosecutions under unconstitutional acts when essential to safeguard personal or property rights. The right to earn a livelihood and to continue in one’s employment unmolested by efforts to impose void enactments should likewise be entitled to protection.”
Reversed.
MATHEWS, C. J., and THOMAS and SEBRING, JJ., concur.