### OLAN MILLS, Inc. v. CITY OF TALLAHASSEE.

Circuit Court, Leon County.

August 9, 1956.

J. M. & H. P. Sapp, Panama City, for plaintiff.

James Messer, Jr., City Attorney, Tallahassee, for defendant.

W. MAY WALKER, Circuit Judge.

*Memorandum*: Plaintiff filed its complaint seeking a temporary restraining order enjoining collection by the city of the occupational license taxes levied by the following ordinance—

*"Photographers or cameramen,* whether resident, non-resident, transient or itinerant, or those taking photographs by exposure or engaged in portrait enlarging, copying, coloring or finishing, or ferotypers and crayon artists _____$25.00

"In addition to the license fee hereinabove provided for there is hereby levied and imposed upon every person engaged in the occupation of a salesman or solicitor for any photographer, cameraman or other person engaged in the business of portrait enlarging, copying, coloring or finishing, ferotyper or crayon artist, whether such salesman or solicitor be resident, non-resident, transient or itinerant and who solicits orders from the general public for the taking of photographs or exposures therefor, the enlargement, copying, coloring or finishing of portraits or crayon sketches through the sale of coupons, tokens or other similar device for a valuable consideration or for which an advance deposit of money is paid or delivered to such salesman or solicitor, an occupational license fee of fifteen dollars per annum, or any fraction thereof, that such salesman or solicitor shall engage in such activity within the city. Such license shall not be transferable."

Plaintiff alleged that the activities constituted interstate commerce and that the ordinance imposed an undue burden on such commerce. Defendant city answered that the license tax imposed on the photographer or cameraman was a valid exercise by the defendant of the revenue powers of the city. Further, that the license tax imposed upon the salesman or solicitor who received advance deposits of money was a valid exercise by the defendant of the police power granted to it under the constitution and laws of the state of Florida and reserved to the state under the 10th amendment to the federal constitution because such activity "by its nature and method of conduct might readily lend itself as an instrumentality of fraud and deception upon the public."

It was stipulated by the parties that the taking of an exposure by one of plaintiff's cameramen was a purely mechanical process entirely completed within the city of Tallahassee and that the order for the appointment to take the exposure was completed entirely within the city. Further, that while the integrity of plaintiff's company is of the very highest that plaintiff could not state that the same degree of integrity was shared by other companies similarly engaged in business, and that the plaintiff company has had experience with some of its solicitors who have accepted deposits for exposures, issued receipts therefor and then vanished without turning them in to the company.

*Final decree*: This cause came on for final hearing on plaintiff's amended complaint, defendant's amended answer, and stipulation as to the testimony entered into by counsel for the parties on August 17, 1955 and a stipulation and agreement between counsel for the parties dated September 12, 1955. The court being now advised of its opinion in the premises, finds—

1. That the license taxes imposed on photographers or cameramen and salesmen or solicitors are non-discriminatory, are imposed on residents, non-residents, transients or itinerants so that the question of discrimination is not involved in this case.

2. That the tax imposed on a photographer or cameraman is a tax upon a purely local activity conducted within the corporate limits of the city—that such activity by the cameraman, according to the stipulated testimony of the secretary of the plaintiff corporation, is a "purely mechanical process" entirely completed within the city.

3. That the orders solicited and taken by the salesman or solicitor for the photograph are completed within the corporate limits of the city, that the initial payment made to the solicitor, and the final payment made to the cameraman, are all consummated entirely within the corporate limits of the city.

As to findings numbered 2 and 3 see Lucas v. City of Charlotte (C.C.A. 4), 86 F. 2d 394, in which the court in upholding a similar ordinance imposed by the city of Charlotte, North Carolina said— "The record shows that here the orders are gotten, payment received, and the picture or photograph actually taken all in the City of Charlotte. We do not think that the fact that the negatives of the photographs, after the taking, are sent away to Minnesota to be finished, makes the transaction one of interstate commerce."

See also Interstate Oil Pipe Co. v. Stone, 337 U.S. 662, 93 L. ed. 1613, Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 82 L. ed. 823, and Utah Power & Light Co. v. Pfost, 286 U.S. 165, 76 L. ed. 1038, in which it was held that a state license tax on the generation of electricity does not, as laid upon electricity generated for transmission to consumers in another state, impose an unconstitutional burden on interstate commerce. The Supreme Court of the United States held that the act of generation was a local act subject to state taxation and control.

States and cities are prohibited by the commerce clause of the federal constitution from levying any tax which discriminates against or unduly burdens interstate commerce. But this rule does not automatically free an interstate business from municipal lev-

174

ies. The Supreme Court of the United States made this clear again in Braniff Airways v. Nebraska State Board, 347 U.S. 590, 98 L. ed. 967, when it said— "We have frequently reiterated that the Commerce Clause does not immunize interstate instrumentalities from all state taxation, but that such commerce may be required to pay a non-discriminatory share of the tax burden." See also McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 84 L. ed. 565.

Admittedly, the taxes imposed upon the cameramen and the salesmen apply equally to all engaged in such activities without regard to whether the persons taxed are resident or non-resident, so there can be no question of discrimination against interstate commerce. There is no showing that the plaintiff's business is unduly burdened by the license taxes. The fact that the plaintiff does business in other cities in Florida and might be subject to similar license taxes in those other cities is immaterial—for the local business transacted in and taxed by the city of Tallahassee cannot be subjected to a tax by any other city whether within or without the state of Florida.

It is therefore, upon consideration thereof, ordered, adjudged and decreed—

That the temporary restraining order heretofore entered by the court on April 25, 1952 be, and it is, dissolved.

That this cause be, and it is, dismissed at the cost of the plaintiff.

That the court retain jurisdiction of the cause for the purpose of hearing any evidence of and the assessment of damages, if any, to which the defendant may be entitled by reason of the issuance of said temporary restraining order.