HOBSON, Justice.
This is the third time that Olan Mills, Incorporated, has had occasion to appeal to this court from a circuit court decision involving the validity of municipal license taxes. See Olan Mills, Inc., of Alabama v. City of Tallahassee, Fla., 43 So.2d 521, and Olan Mills, Inc., v. Panama City, Fla., 78 So.2d 561. Appellant’s method of doing business has not changed since these cases were decided. It still sends out solicitors for photographic work and later sends a photographer to take pictures, which are developed, and all contracts pertaining thereto entered, beyond the borders of the state. We held in Olan Mills, Inc., of Alabama, v. City of Tallahassee, supra, 43 So.2d 521, that this process is interstate commerce exclusively, that each of the operations involved constitutes an inseparable link in the chain of events, and that there is no separate and distinct incident upon which the tax could fall. In so holding, we relied upon Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760, and Graves v. City of Gainesville, 78 Ga.App. 186, 51 S.E.2d 58.
Pertinent sections of the Tallahassee ordinance which Olan Mills attacks in the instant case are as follows:
“The amount of occupational license taxes levied and imposed upon every person that shall engage in or manage any business, profession, privilege or occupation hereinafter mentioned within the city is hereby fixed, graded, determined and imposed at the following rates or amounts:
^ * >J< ‡ jj?
“Photographers or Cameraman, whether resident, non-resident, transient or itinerant, or those taking photographs by exposure or engaged in portrait enlarging, copying, coloring or finishing, or ferotypers and crayon artists.25.00 “In addition to the license hereinabove provided for there is hereby levied and imposed upon every person engaged in the occupation of a salesman or solicitor for any photographer, cameraman or other person engaged in the business of portrait enlarging, copying, coloring or finishing, ferotyper or crayon artist, whether such salesman or solicitor be resident, non-resident, transient or itinerant and who solicits orders from the general public for the taking of photographs or exposures therefor, the enlargement, copying, coloring or finishing of portraits or crayon sketches through the sale of coupons, *166 tokens or other similar device for a valuable consideration or for .which an advance deposit of money is paid or delivered to such salesman or solicitor, an occupational license fee of fifteen dollars per annum, or any fraction thereof, that such salesman or solicitor shall engage in such activity within the city. Such license shall not be transferable.”
The city contends that the tax sought to be imposed by this ordinance falls upon local activity and should be upheld as nondiscriminatory. The case most nearly in point relied upon by the city is Lucas v. City of Charlotte, 4 Cir., 86 F.2d 394, 109 A.L.R. 297. That case, however, was urged upon us in Olan Mills, Inc., of Alabama v. City of Tallahassee, supra, 43 So.2d 521, and we rejected it as inconsistent with Nippert v. City of Richmond, supra.
Since the Nippert case was decided the Supreme Court of the United States has squarely held that any direct tax upon the privilege of carrying on a business exclusively interstate in character is invalid as violating the commerce clause, and that this is true no matter how fairly the tax is apportioned to business done within the state. Spector Motor Service, Inc., v. O’Connor, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573. The same rule was adhered to in the recent case of Railway Express Agency, Inc., v. Commonwealth of Virginia, 347 U.S. 359, 74 S.Ct. 558, 98 L.Ed. 757.
In Memphis Steam Laundry Cleaner, Inc., v. Stone, 342 U.S. 389, 72 S.Ct. 424, 427, 96 L.Ed. 436, the Supreme Court considered a Mississippi tax upon the privilege of soliciting business for laundries not licensed in the state. In holding the tax invalid, the court stated in part:
“If the Mississippi tax is imposed upon the privilege of soliciting interstate business, the tax stands on no better footing than a tax upon the privilege of doing interstate business. A tax so imposed cannot stand under the Commerce Clause. Spector Motor Service, Inc., v. O’Connor, 1951, 340 U.S. 602, 608-609, 71 S.Ct. 508, 511-512, 95 L.Ed. 573, 578, 579, and cases cited therein.”
As we interpret the foregoing decisions of the Supreme Court, interstate commerce can be made subject to a license or privilege tax by the state only where there is a separable intrastate incident to which the tax can attach. And only in such case can the further determination, of whether the tax is discriminatory or nondiscriminatory, be made, the tax being supportable only if it fits the latter category. It is true that in connection with appellant’s two previous appearances here we have dealt with a discriminatory tax. But it is also true that we have twice been unable to separate from the interstate process, agreeably to the authorities, a taxable intrastate incident. The tax in the present case therefore does not survive the first pitfall which higher authority has provided.
The Supreme Court of Virginia has recently had occasion to consider the identical problems here presented in connection with the same photograph organization and the identical method of doing business. In Commonwealth v. Olan Mills, Inc., 1955, 196 Va. 898, 86 S.E.2d 27, 31, the court struck down the license tax sought to be imposed. The pronouncements of the Supreme Court of the United States are reviewed in the opinion, and it is also noted that of the state courts which have had occasion to consider the question, the decided majority has held that the acts of the solicitor, the cameraman, or both, were integral parts of interstate commerce. The court goes on to state:
“We have been referred to and have found but three cases which take the other view. We think the holding of the majority is the more logical and in accord with the recent decisions of the Supreme Court, whose views are controlling on this question.”
*167 We must hold, as we do, that the ordinance under attack is invalid as to appellant as an attempt to place a direct tax upon the privilege of engaging in interstate commerce.
Reversed.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.