62 So.2d 446

**GRAVES v. STATE.**

7 Div. 180.

Supreme Court of Alabama.

Nov. 20, 1952.

Rehearing Denied Jan. 19, 1953.

Graham & Van Derveer, Chattanooga, Tenn., and McKay & Worthy, Sylacauga, for appellant.

360

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

FOSTER, Justice.

This is an appeal from a conviction of appellant in the circuit court for the violation of Title 51, section 569, Code. The charge was that he was a transient or traveling photographer, and was predicated upon the last clause of that statute. Appellant did not have the license there provided for. The following is a statement of the facts taken from appellant's brief:

"On May 22, 1950, under the direct supervision of Olan Mills, Inc., an advance sales unit had solicited orders in the City of Sylacauga, for photographs and had collected a fifty cent deposit on each order. The corporation accepted the orders and notified the customers to appear at the time specified on

the order at the Knight Hotel, Sylacauga, Alabama, on May 30, 1950, to have a 'sitting' or 'exposure' made. On May 30, 1950, Leon Graves came to the Knight Hotel in Sylacauga under the supervision of the corporation and made the exposure for each customer and collected from each customer an additional deposit of fifty cents. Leon Graves sent the exposed negatives by the United States mails to the corporation's plant in Chattanooga, Tennessee, where they were developed, processed and proofs were manufactured" and the finished work sent by mail from Chattanooga to the customer.

The only question argued is whether a license imposed on appellant under section 569, supra, is a forbidden burden upon interstate commerce. The section reads in pertinent part, as follows:

"Photographers and photograph galleries.—Every photograph gallery, or person engaged in photography, when the business is conducted at a fixed location: [The amount of license tax is graduated in the cities and towns of the State according to population as there specified.] For each transient or traveling photographer, five dollars per week."

That question is controlled by decision of the United States Supreme Court to the extent that they apply. We find no such decision directly in point, but that court has rendered many decisions which declare principles of a kindred nature. Our province is to apply them to the present situation to the extent that they are pertinent.

The line of cases, thought by appellant to be controlling, is what is called the "drummer cases". That is, those with reference to statutes or city ordinances requiring solicitors or drummers to pay a license tax for soliciting orders for subsequent interstate shipment. See, Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760. Those cases are distinguishable from a sales tax (or use tax) or license tax on the delivery in a city of goods which had been sold for delivery there, and which delivery was at the end of an interstate carriage. McGoldrick v. Berwind-White,

309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565. Incidentally, we undertook to follow and apply their reasoning in Sanford Service Co. v. City of Andalusia, 256 Ala. 507, 55 So.2d 856, and Sanford v. City of Clanton, 31 Ala.App. 253, 15 So.2d 303, certiorari denied 244 Ala. 671, 15 So.2d 309. The distinction between the "drummer cases" on the one hand, and the Sanford and McGoldrick cases on the other, is fully disclosed in the McGoldrick case. See, also, Caskey Baking Co. v. Commonwealth of Virginia, 313 U.S. 117, 61 S.Ct. 881, 85 L.Ed. 1223.

The McGoldrick case, supra [309 U.S. 33, 60 S.Ct. 398], in distinguishing the "drummer cases," pointed out that the delivery, pursuant to a previous contract, was a feature of the performance of the contract, and its transportation, whether from within or without the state, was merely incidental, so that it was not a burden on commerce. It noted that the drummer's tax on soliciting orders for shipment in interstate commerce appears to be aimed at the suppression or placing at a disadvantage this kind of business when brought into competition with intrastate sales, and operated to some extent to place the merchant thus doing business interstate at a disadvantage in such competition. And, in substance, that the state may not by the taxing process curtail a type of interstate commerce in competition with that which is intrastate; and, further, that the drummer's tax has been "narrowly limited to fixed-sum license taxes imposed on the business of soliciting orders for the purchase of goods to be shipped interstate." The principle began with Robbins v. Taxing Dist. of Shelby County, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694.

In the McCaskey case, supra, the bread was baked in an adjoining state by a bakery there located. Its agents went into Virginia, took orders for bread and made deliveries from the trucks which had brought the goods across the state line. They delivered the bread in a continuous hauling from the bakery across state lines to the customers in Virginia. It was said that the transportation across the state line was interstate, but that was not the activity

362

which was licensed or taxed. The purely local business is what the act attacks, and this irrespective of the source of the goods sold.

In the case of American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206, the driver of the truck carried the bread across state lines to his home and stored it until he was ready to deliver it to his customers. It was held that it was immaterial whether the bread originated within or without the State, the same tax applied and, therefore, there was no discrimination against commerce.

■ The Alabama law here in question lays a license of one amount on photographers who have a fixed location in the State, and a different amount on a transient or traveling photographer. We see no inherent discrimination there: they may be thus properly classed. Shiff v. State, 84 Ala. 454, 4 So. 419; Ballou v. State, 87 Ala. 144, 6 So. 393; American Bakeries Co. v. City of Opelika, 229 Ala. 388, 389, 157 So. 206; American Bakeries Co. v. City of Huntsville, 232 Ala. 612(12), 168 So. 880.

We understand that Olan Mills, here involved, is doing business of the same sort as a photographer at fixed locations in Alabama as its agents are doing in other locations as transients. This is shown by the record in another case.

■ The license in both respects is directed against one who pursues the art of photography in Alabama. When a photographer comes into the State, or resides in the State, and moves about in it from place to place, pursuing his profession, he is an itinerant. Shiff v. State, supra. He is then in Alabama rendering some of the essentials of the art of photography as a business, the same as if he had a fixed location here. It is not necessary to perform all the essentials of the art in Alabama to constitute one a photographer subject to license as such in Alabama. The performance of an important feature of it in Alabama is justification for exercising the licensing power. Standard Oil Co. v. City of Selma, 216 Ala. 108, 112 So. 532; Sanford Service Co. v. City of Andalusia, su-

pra. The distinction between such a situation and that of drummers soliciting and procuring sales to be consummated by interstate shipments has been narrowly drawn in express terms, as we have shown. The principle of the drummers' license cases has not been extended by the United States Supreme Court to a situation where there was locally performed an essential physical act in the performance of a transaction and where the license was directed solely at that local activity, and where it is not laid on interstate transportation nor is an undue burden upon it.

■ The license tax here imposed is not laid on the solicitation of the orders. The solicitation was made and the orders taken before the act of photography occurred. That is done by an advance unit, doing nothing else in their activity but to solicit and receive contracts for photographs to be made, and to receive an advance payment. But later a traveling representative of Olan Mills of Chattanooga, Tennessee, would appear in the city at a named hotel to take the exposures of persons from whom orders had been obtained, and collect an additional sum. He would send the exposed negatives to Olan Mills at Chattanooga, Tennessee, where the photographs were developed and finished, and finally sent by mail to the customer.

The case of Nicholson v. City of Forrest City, 216 Ark. 808, 228 S.W.2d 53, 54, is cited by appellant. But the ordinance there was:

"Photographers: $11.00 per year."

"Photograph salesmen which means each person engaged in selling photographs, photograph coupons or certificates or any other medium of exchange for photographs: $25.00 per year.

"All other persons engaged in soliciting the sale of additional photographs, known as 'Proof Passers': $15.00 per year."

The parties charged in the Nicholson case, supra, were engaged by Olan Mills in all the activities set out in this case. The court held that the Nippert case, supra, applied. The Nicholson opinion recognized

the right of a locality to tax a local activity connected with interstate commerce, which at one time was thought to be immune from such taxation. There was a dissent by the chief justice and one associate justice. Their dissent treated the work of the photographer, as we think it should be, to the effect that it was a local taxable event, and not an undue burden on interstate commerce. We think, however, that court made the mistake of holding that the cameraman, who did nothing but pursue the art of photography in the state, is in the same status as one who only solicits orders and contracts.

The Supreme Court of Florida in the case of Olan Mills, Inc. v. City of Tallahassee, 43 So.2d 521, was dealing with an ordinance of the city which imposed a license tax of $25.00 per year on a local photographer, and $50.00 per week on "each and every transient soliciting business for the manufacture, printing, enlargement, copying or coloring of miniatures or photographs." It was held that "Such a differential between a tax imposed upon the local photographers and that imposed upon the itinerant photographers who are engaged in the same occupation and in interstate commerce is palpably discriminatory, unreasonable, if indeed it is not prohibitive, and clearly places an undue burden on interstate commerce." It was also held on the authority of Nippert v. City of Richmond, supra, and Graves v. City of Gainesville, 78 Ga.App. 186, 51 S.E.2d 58, that the ordinance violated the commerce clause of the United States Constitution.

But it will be observed that the ordinance in this respect was directed to the solicitation by the transient of business for the manufacture, etc. It was not directed to an itinerant or transient photographer, as is the Alabama statute. The Georgia case, supra, is similar to the Florida case, supra. The Florida case seems to admit that Lucas v. City of Charlotte, 4 Cir., 86 F.2d 394, 109 A.L.R. 297, is a gray-horse case, contrary to its opinion, but philosophizes that it was decided before the Nippert case, supra. But it fails to note that the Nippert case did no more than reassert and apply what had been decided many times, and

carefully analyzed since the opinion in Robbins v. Shelby County, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694, and laid the tax on a different activity.

It is not necessary for us to take issue with the result reached by the Florida and Georgia cases, supra, for they refer to a tax on soliciting or selling goods in interstate commerce.

But it is clear that the case of Lucas v. City of Charlotte, supra [86 F.2d 395], is not subject to criticism because it was decided before the Nippert case, which decided nothing new in that respect. That case was dealing with a license ordinance of Charlotte regulating transient photographers. It "provides for the payment of a $25 annual license for every transient photographer and each and every agent of any photographer engaged in the selling of coupons or similar device on behalf of the photographer." The court (Fourth United States Circuit Court of Appeals) observed: "We do not think that the fact that the negatives of the photographs, after the taking, are sent away to Minnesota to be finished, makes the transaction one of interstate commerce. The actual work of the photographer is done in the state and the mechanical finishing of the negatives does not change the fact that the photographer is carrying on his business in the City of Charlotte and the State of North Carolina." The situation dealt with is the same as that here involved.

The case of Lucas v. City of Charlotte, supra, referred to Dozier v. State of Alabama, 218 U.S. 124, 30 S.Ct. 649, 54 L.Ed. 965, which was considering an Alabama law that laid a license tax on persons, who did not have a permanent place of business in the State, if they solicited orders for the enlargement of photographs or pictures of any character. Appellant in the Dozier case had been convicted for violating that law. Production of the portraits which were enlarged was no part of a business engaged in by the company in Alabama, who made the enlargements in Chicago and delivered them by interstate transportation. The court held that the case of Robbins v. Shelby County, supra, had direct application, and so would the Nippert case, supra.

364

But it was held that in Lucas v. City of Charlotte, supra, that the Dozier case, supra, did not apply because of the controlling difference in the facts. The case of Craig v. Mills, 203 Miss. 692, 33 So.2d 801 is to the same effect.

We are unable to discover any important distinction between the facts in the case of Lucas v. City of Charlotte and those in the instant case. The opinion is directly in point, sustaining the license tax here in question. Little else need be said except that the other cases cited by appellant are not in point for they were not dealing with a license tax on a local event, other than soliciting, when the local event was not a burden on interstate commerce, nor discriminatory against interstate transactions, nor taxable by any other authority than the state where it occurred.

We think the activities of appellant are such as to make the statute apply to him, and it does not violate the commerce clause of the federal Constitution.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.