17674

OLAN MILLS, Appellant, v. TOWN OF KINGSTREE, South Caro-
lina and Mildred D. Welch, Town Clerk and Treasurer of the Town
of Kingstree, South Carolina, Respondents

(115 S. E. (2d) 52)

*Messrs. William E. Jenkinson,* of Kingstree, and *Hunt &
Thompson,* of Chattanooga, *for Appellant,*

536

*Messrs. Shuler & Harrell,* of Kingstree, *for Respondents,*

June 29, 1960.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Williamsburg County, under Sections 65-2661 (Cumulative Supplement), 65-2662 (Cumulative Supplement) and 65-2663, Code of Laws of South Carolina, 1952, wherein plaintiff seeks to recover the sum of $45.00, the amount required by defendants, Town of Kingstree, South Carolina, *et al.*, for a business license and paid by plaintiff under protest. Defendants demurred to the complaint, and the matter came on for a hearing before the Resident Judge of the Third Judicial Circuit, who sustained the demurrer.

Plaintiff appeals, contending among other things that it is engaged in interstate commerce and that such license is in violation of Art. I, Sec. 8, of the Constitution of the United States.

Plaintiff's complaint sets forth that it is a corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business in the City of Chattanooga, where photographic film is developed and processed, proofs are manufactured, and the finished photographs are processed and finished and sold by itinerant representatives, as follows: As a first step, an advance salesman traveling from place to place solicits orders for photographs to be processed at the Chattanooga plant. He collects a deposit and arranges for a sitting or exposure. Second, a traveling cameraman takes the pictures as previously arranged and collects an additional payment. Third, the exposed film is sent to Chattanooga where the film is developed and proofs for showing are printed. Fourth, the proofs are mailed to a traveling salesman who presents same to the customer for

his selection and order. Fifth, approved proofs are then mailed back to Chattanooga where the photographs are manufactured or processed; and, finally, the finished photographs are mailed to the customer. Defendants demurred to the foregoing complaint which for the purpose of demurrer must be accepted as true. Under the procedure outlined in the complaint, the photographs are manufactured in Tennessee, during which process they cross the State lines at least four times. The sale and sitting for exposures take place in this State, but the development of the exposed film, preparation of proofs, printing and finishing, etc., take place in Tennessee. Each of the operations listed constitutes an inseparable link in the chain of events which culminate in the final photograph. The instances occurring in the State of South Carolina are not separable from those occurring in the State of Tennessee but are so connected in fact that they become an integral part of the process with each step being dependent upon the other for fruition.

This identical question was before the Courts of the State of Virginia, *Nippert v. City of Richmond*, 327 U. S. 416, 66 S. Ct. 586, 90 L. Ed. 760; *Commonwealth v. Olan Mills, Inc.*, 196 Va. 898, 86 S. E. (2d) 27; and more recently before the Courts of the State of Florida in *Olan Mills, Inc. v. City of Tallahassee*, Fla. 1958, 100 So. (2d) 164, 166. The Florida Court based its decision upon the latter Virginia decision, stating:

"The Supreme Court of Virginia has recently had occasion to consider the identical problems here presented in connection with the same photograph organization and the identical method of doing business. In *Commonwealth v. Olan Mills, Inc.*, 1955, 196 Va. 898, 86 S. E. (2d) 27, 31, the court struck down the license tax sought to be imposed. The pronouncements of the Supreme Court of the United States are reviewed in the opinion, and it is also noted that of the state courts which have had occasion to consider the question, the decided majority has held that the acts of the solicitor, the cameraman, or both, were integral parts of interstate commerce. * * *

"We must hold, as we do, that the ordinance under attack is invalid, as to appellant, as an attempt to place a direct tax upon the privilege of engaging in interstate commerce."

Other decisions of similar holdings are: *Olan Mills, Inc. v. Panama City,* Fla. 1955, 78 So. (2d) 561; *Olan Mills, Inc. v. City of Nicholasville, Kentucky et al.,* Ky. 1955, 280 S. W. (2d) 522; *Olan Mills, Inc. v. City of Cape Girardeau,* 1954, 364 Mo. 1039, 272 S. W. (2d) 244; *Olan Mills, Inc. v. City of Elizabethtown, Ky.,* 269 S. W. (2d) 201; *Olan Mills, Inc. v. City of Maysville, Kentucky et al.,* Ky. 1954, 272 S. W. (2d) 460; *Cordell v. Commonwealth,* Ky. 1953, 254 S. W. (2d) 484; *Bossert v. City of Okmulgee,* Okl. Cr. App. 1953, 260 P. (2d) 429; *State v. Mobley,* 234 N. C. 55, 66 S. E. (2d) 12; *Nicholson et al. v. City of Forrest City,* 1950, 216 Ark. 208, 228 S. W. (2d) 53; *Olan Mills, Inc. of Alabama v. City of Tallahassee, Fla.* 1949, 43 So. (2d) 521; *Graves v. City of Gainesville,* 1948, 78 Ga. App. 186, 51 S. E. (2d) 58.

To sustain the Order appealed from, respondents cite *Lucas v. City of Charlotte et al.,* 4 Cir., 1936, 86 F. (2d) 394, 109 A. L. R. 297; *Craig v. Mills,* 1948, 203 Miss. 692, 33 So. (2d) 801; *Graves v. State,* 1952, 258 Ala. 359, 62 So. (2d) 446. The reasoning in *Commonwealth v. Olan Mills, Inc., supra,* and *Olan Mills, Inc. v. City of Tallahassee, supra,* is not inconsistent with that of our Court in *City of Laurens v. Elmore,* 55 S. C. 477, 33 S. E. 560, 45 L. R. A. 249, and is in accord with the decisions of the United States Supreme Court whose views control.

We, therefore, are of the opinion that the Order sustaining the demurrer should be reversed and respondents permitted to file answer within twenty days from the date of remittitur hereof; and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.