135 So.2d 388

**Harry H. HADEN, Commissioner of Revenue,**

**v.**

**OLAN MILLS, INC.**

3 Div. 937.

Supreme Court of Alabama.

Nov. 16, 1961.

Rehearing Denied Dec. 21, 1961.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

**130**

Hunt & Thompson, Chattanooga, Tenn., and Rushton, Stakely & Johnston, Montgomery, for appellee.

LAWSON, Justice.

This is a suit by Olan Mills, Inc., a Tennessee corporation, brought in the Circuit Court of Montgomery County, in Equity, against Harry H. Haden, as Commissioner of Revenue of the State of Alabama, for a declaratory judgment as to whether the complainant is liable for the license tax required of transient or traveling photographers by § 569, Title 51, Code 1940, which reads, in pertinent part, as follows:

> "Every photograph gallery, or person engaged in photography, when the business is conducted at a fixed location: * * * [The amount of license tax is graduated in the cities and towns of the state according to population as there specified.] *For each transient or traveling photographer, five dollars per week.*" (Emphasis supplied.)

The contention of complainant below is that if. the italicized· part of § 569, supra, be construed to cover its so-called transient operations in this state, then it is invalid because it imposes an undue burden upon interstate commerce in violation of the commerce clause, Art. 1, § 8, of the Constitution of the United States.

The trial court agreed with the complainant and so decreed. Harry H. Haden, as Commissioner of Revenue of the State of Alabama, has appealed to this court.

Olan Mills, Inc., has its principal office and manufacturing plant in Chattanooga.

It has two methods of doing business in Alabama, one of which it calls its branch

or permanent studio operation and the other it refers to as its road or traveling operation.

The so-called branch operation is conducted in several counties where permanent studios are located. Customers are solicited from the studios and pictures are taken there. The exposed film is sent to Chattanooga where it is processed and proofs made. The proofs are then sent to the studios in Alabama from which the exposed film was received. The customer is then requested by the studio to come by to see the proofs. The order is taken at the studio and sent to Chattanooga, where the pictures are made. After the pictures are made, they are forwarded to the studio for delivery to the customer.

The so-called road or traveling operation is conducted in this state by the use of three groups of employees, all of whom are residents of Alabama but who are under the supervision and control of the principal office in Chattanooga and who have no connection with the permanent studios located in this state.

The city where Olan Mills plans to get business is first visited by a group of advance salesmen who solicit orders for photographs, collect deposits and arrange for sittings to be held at a later date at a specified hotel.

At the arranged time, a cameraman appears at the hotel where he takes pictures and collects additional deposits. The cameraman mails the exposed film to the plant at Chattanooga, where it is developed and proofs are made.

The customers are then notified from Chattanooga that the company's proof salesman will be at the same hotel on a given date. When the proof salesman arrives, he assists the customer in the selection of proofs and pictures to be ordered.

The ordered photographs when completed in Chattanooga are mailed to the customer "Collect on Delivery" if the customer has not theretofore paid the proof salesman in full, as is sometimes the case.

The facts here are in all material respects the same as those presented in the case of Graves v. State, 258 Ala. 359, 62 So.2d 446, in so far as they relate to the so-called road or traveling operation. The record in the Graves case did not show how the branch operation was conducted, although the record in another case then before us did show that Olan Mills, Inc., did the same sort of business from fixed locations in this state.

In the Graves case, supra, which the lower court refused to follow, we held that the tax was due by Olan Mills, Inc., on its so-called transient operation in this state.

We refused to apply the rule of the "drummer cases" as reaffirmed in Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760, because Olan Mills, Inc., in carrying on its transient operation in this state did much more than solicit business within this state.

In the Graves case we expressed the view that the Supreme Court of the United States had not extended the principle of the drummers' license cases to a situation where there is performed locally an essential physical act and where the license is directed solely at that local activity, and where the license is not laid on interstate transportation nor is an undue burden on it.

The opinion in the Graves case shows that liability for the license was not based on any act of the solicitors used by Olan Mills, Inc., in obtaining customers, but was based on the conduct of its photographer who moved about in this state from place to place pursuing his profession. We said that the photographer was performing some of the essentials of the art of photography in Alabama and that it was not necessary to perform all of the essentials of that art in this state to constitute one a photographer subject to license as such in Alabama.

Olan Mills, Inc., did not attempt to have the decision of this court in the Graves

case, supra, reviewed by the Supreme Court of the United States.

But since the Graves case was decided, Olan Mills, Inc., has litigated the same question in several states and in each instance it has been successful. The courts have struck down the license tax sought to be imposed on the theory that each of the operations of Olan Mills, Inc., within the state constituted an inseparable link in the chain of events, and that there is no separate and distinct incident in the operation of its transient operation upon which the license tax could fall. Olan Mills, Inc. v. City of Cape Girardeau, 364 Mo. 1089, 272 S.W.2d 244; Olan Mills, Inc. v. City of Nicholasville, Ky., 280 S.W.2d 522; Commonwealth of Virginia v. Olan Mills, Inc., 196 Va. 898, 86 S.E.2d 27; Olan Mills, Inc. v. City of Tallahassee, Fla., 100 So.2d 164; cert. denied 359 U.S. 924, 79 S.Ct. 604, 3 L.Ed.2d 627; Olan Mills v. Town of Kingstree, 236 S.C. 535, 115 S.E.2d 52.

■ The Supreme Court of the United States has not written to that effect in so far as we are advised. That court did deny the City of Tallahassee's petition for writ of certiorari to review the Florida court's decision and judgment in Olan Mills, Inc., v. City of Tallahassee, supra. But we do not believe that such act should be considered as an application by the Supreme Court of the United States of the drummers' license cases to the traveling operation of Olan Mills, Inc., as shown by the record before us. The Supreme Court of the United States has said that writs of certiorari are matters of grace in that court and that matters relevant to the exercise of that court's certiorari discretion frequently result in denials of writs without any consideration of the merits. The constitutional issue, it has been pointed out, may have no bearing upon the denial of the writ. Wade v. Mayo, 334 U.S. 672, 68 S. Ct. 1270, 92 L.Ed. 1647. See Philadelphia & Reading Coal & Iron Co. v. Gilbert, 245 U.S. 162, 38 S.Ct. 58, 62 L.Ed. 221.

■ The Florida court in Olan Mills, Inc. v. City of Tallahassee, supra [100 So.

2d 164, 165], was dealing with a municipal ordinance which levied a license not only upon photographers but upon "every person engaged in the occupation of a salesman or solicitor for any photographer, cameraman or other person engaged in the business of portrait enlarging, copying, coloring or finishing, ferotyper, or crayon artist, etc." The action of the Supreme Court of the United States in denying certiorari may well have been based on this feature of the ordinance.

As we have shown above, we feel that the conduct of the photographer in this state is a separate and distinct incident upon which the license tax falls.

We recognize that the courts of other states are not in agreement, but we are not disposed to depart from our holding in Graves v. State, supra, until the Supreme Court of the United States has expressed itself on the factual situation before us.

We feel that the so-called traveling operation of Olan Mills, Inc., is very similar to its so-called branch operation. True, in the branch operation there is a fixed location. But it sends its films back to Chattanooga to be processed and pictures are ultimately made in Chattanooga. In the so-called traveling operation there is no permanent location in this state, but on several occasions during the year the employees of Olan Mills, Inc., maintain a temporary office or studio, of a kind, in a hotel within the bounds of the city where the business is done.

We hold that the license tax required of transient or traveling photographers by § 569, Title 51, Code 1940, should be collected from Olan Mills, Inc., because of its so-called traveling operation in this state until the Supreme Court of the United States has held to the contrary.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.