**OLAN MILLS, INC. OF TENNESSEE,**
**Plaintiff,**

**v.**

**OPELIKA, Greenville, Alexander City, Jasper and Thomasville, ALABAMA, as representatives of a class consisting of all the municipal corporations in the State of Alabama, Defendants.**

**Civ. A. No. 586–E.**

United States District Court
M. D. Alabama, E. D.
July 12, 1962.

Rushton, Stakely & Johnston, Montgomery, Ala., Hunt & Lawson, and Sizer Chambliss, Chattanooga, Tenn., for plaintiff.

J. Arch McKee, Opelika, Ala., for the City of Opelika, Alabama; Fred Scott, Greenville, Ala., for the City of Greenville, Alabama, William I. Byrd, Alexander City, Ala., for the City of Alexander City, Alabama; Bankhead & Petree, Jasper, Ala., for the City of Jasper, Alabama, W. Johnson McCall, Thomasville, Ala., for the City of Thomasville, Alabama, and John F. Watkins, Montgomery, Ala., associated with the aforementioned attorneys for defendants.

JOHNSON, District Judge.

This cause is now submitted to this Court upon the motions to dismiss filed herein by each of the named defendants, said defendants being sued "as representatives of a class consisting of all the municipal corporations in the State of Alabama." The motion to dismiss filed by all but one of the named defendants is based upon several grounds other than the general ground that the complaint fails to state a claim against the defendants upon which relief can be granted. The motions to dismiss by each of the defendants set up that ground as a basis for the dismissal action sought herein.

Plaintiff, a Tennessee corporation, with its principal place of business in Chattanooga, Tennessee, brings this action for a declaratory judgment, claiming that the action arises "under the Constitution of the United States, Article I, Section 8; the Fourteenth Amendment to the Constitution of the United States, Section One and 28 U.S.C. Section 1343(3)." The plaintiff is engaged in the business of photography, using sales people, cameramen and traveling representatives who work out of its Chattanooga office. In conducting its business in the State of Alabama, plaintiff uses the method of advance salesmen who solicit orders in various towns and cities in Alabama for photographs to be taken. The plaintiff then sends cameramen into the town or city selected, at the appointed time; the film is then mailed to plaintiff's Chattanooga plant; proofs are returned at a designated time and place for approval or disapproval by the customer; and finally the customer's order is mailed from the Chattanooga plant. For the past twenty-five years, plaintiff has been doing business throughout Alabama in various municipal corporations (over seventy-five being listed in the exhibit to the complaint) that constitute the class of said municipal corporations that plaintiff says have ordinances imposing occupational license taxes on photographers who do business within their corporate limits. Plaintiff says that such license fees and taxes are restrictions on interstate commerce, that most are unequal and discriminatory and that as a result thereof plaintiff is denied the equal protection of the law and is deprived of its right to engage in business in the State

of Alabama. The plaintiff, in this declaratory judgment action, asks this Court to declare the rights of the defendants to charge the plaintiff license fees and taxes for carrying on its business in interstate commerce and asks this Court to adjudge the rights of the defendants to charge the plaintiff greater fees for license taxes than those charged resident businesses.

■■ It very readily appears from plaintiff's complaint that plaintiff is seeking declaratory relief from this Court which affects the taxing power delegated to the defendant municipalities on the part of the State of Alabama. The relief plaintiff seeks is alleged to arise under the Commerce Clause of the Constitution of the United States (Article I, Section 8), the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and one of the Civil Rights Acts [28 U.S.C.A. 1343(3)]. As a practical matter, the plaintiff is asking this Court to declare unconstitutional and suspend the collection and excuse the plaintiff from paying the license fees and taxes imposed upon plaintiff by the members of the class of Alabama municipalities represented by the five defendants. In such instances, federal courts traditionally use considerable restraint in employing the declaratory judgment procedure. As a matter of fact, the federal district courts are prohibited by statute from taking such action as plaintiff seeks to have this Court take, except where no remedy is available in the courts of the State.[1] Professor Moore in his Federal

Practice, 2d Ed., Vol. 6, § 57.18[1], in discussing § 1341 of the Federal Code, had this to say:

"  *   *   *   From a functional standpoint, the declaratory judgment in many instances is equivalent to an injunction, that it [sic], it has the effect of enjoining and restraining tax assessment or collection  *  *."

*   *   *   *   *   *

"Declaratory relief as to state taxes should normally be withheld. But where state law does not provide a plain, speedy and efficient remedy, then the federal district court should exercise its jurisdiction and grant the appropriate relief."

All of this means that this Court is under a duty to proceed cautiously in this instance in determining whether or not plaintiff shall be granted the extraordinary relief it is seeking. In addition, it means that this Court must proceed with reluctance in authorizing a suit that is designed to interfere with the fiscal operation of the State of Alabama, acting in the enforcement of Title 51, § 569, Code of Alabama, Recompiled 1958,[2] and in the operation of the some seventy-five separate municipal ordinances referred to by plaintiff in an exhibit to its complaint.

■ Assuming the some seventy-five municipal ordinances are sufficiently similar to the State statute set out in footnote 2 (as this Court must in this action do for the present time in order to deal with this case as a "class action"), this Court is confronted at the outset with the fact that the Supreme Court of the

1. Section 1341, Title 28 U.S.C.A.—"*Taxes by States.* The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

2. "*569. Photographers and photograph galleries.*—Every photograph gallery, or person engaged in photography, when the business is conducted at a fixed location: In cities and towns of seventy-five thousand inhabitants and over, twenty-five dollars; in cities and towns of less than seventy-five thousand and not less than forty thousand inhabitants, fifteen dollars; in cities and towns of less than forty thousand and not less than seven thousand inhabitants, ten dollars; in cities and towns of less than seven thousand and over one thousand inhabitants, five dollars; in all other places whether incorporated or not, three dollars. The payment of the license required in this section shall authorize the doing of business only in the town, city or county where paid. For each transient or traveling photographer, five dollars per week."

State of Alabama has already, on two separate occasions, construed the tax ordinances involved and defined the nature of the tax levied thereby. Graves v. State, 258 Ala. 359, 62 So.2d 446, and Haden v. Olan Mills, Inc., (Ala.1961), 135 So.2d 388. In each instance, the Alabama Supreme Court construed § 569 of the State statute to be a tax levied upon and directed at the purely local activities of the photographer or other representatives of the company taking and processing the pictures in Alabama. The significance of the action by the Supreme Court of Alabama in the Graves and Olan Mills, Inc., cases to this particular case now before this Court arises out of the holdings of the Supreme Court of the United States in March of this year when it decided United Gas Pipeline Company v. Ideal Cement Company, 369 U.S. 134, 82 S.Ct. 676, 7 L.Ed.2d 623. In the United Gas Pipeline case, the Supreme Court held that the federal courts are bound by the decisions of the state courts as to the interpretations of state-taxing statutes, insofar as how the tax is levied and at what the state tax is directed. The Supreme Court in the United Gas Pipeline case stated:

> "The interpretation of state law by the Court of Appeals, in an opinion by its Alabama member, was rendered in advance of construction of the License Code *by the courts of the State, which alone, of course, can define its authoritative meaning.* * * * Accordingly, the judgment of the Court of Appeals is vacated *to permit a construction of the License Code of the City of Mobile, so far as relevant to this litigation, to be sought with every expedition in the state courts.* It is so ordered." (Emphasis supplied.)

It is clear, therefore, that the Supreme Court of the United States says to federal district courts, in instances such as this Court now has before it, that the duty of determining the authoritative meaning of a state-taxing statute is imposed upon the state courts and not upon the federal courts. Such a proposition is particularly applicable here where the Alabama State court has already interpreted the meaning of the Alabama State law if this Court can engage in the assumption that the some seventy-five municipal ordinances are similar to Alabama State law § 569. On the other hand, if this Court cannot engage in such an assumption,[3] then, in the absence of some reason why there is no "plain, speedy and efficient remedy" available to plaintiff in the courts of the State of Alabama, this Court should require this plaintiff to litigate initially in the courts of the State of Alabama, with an ultimate appeal, if necessary, to the Supreme Court of the United States. As a practical matter, this Court is impressed that all plaintiff is trying to do in this case is to circumvent the Alabama cases of Graves and Haden by substituting this declaratory judgment action for an appeal from those cases.

The biggest problem in this case to this Court's being able to allow plaintiff to maintain this action is the fact that it affirmatively appears from plaintiff's complaint and exhibit thereto that there are over seventy-five municipal ordinances involved and that in each instance the municipal ordinance was passed by the municipality's legislative body, presumably as the local conditions required. It is not only possible but highly probable that each of these ordinances is different. As a matter of fact, it affirmatively appears from plaintiff's complaint that the ordinances are different. The Court is again confronted with the admonition of the Supreme Court in the United Gas Pipeline case, supra.

■ That part of the plaintiff's complaint seeking to invoke the jurisdiction of this Court under the "Civil Rights" statute, cited by plaintiff, is without merit. There are no civil liberties involved in this litigation. The entire mat-

---

3. This is aside from the fact that this would be no class action authorized by Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A.

ter concerns the legality of the yearly license taxes imposed upon the plaintiff corporation by the State of Alabama and several of its municipalities. As to the interstate commerce, due process and equal protection provisions of the Constitution of the United States, as cited by plaintiff for this Court's jurisdiction, nothing herein stated should be interpreted as meaning that this Court does not have, in proper instances, jurisdiction to act even in matters concerning the levying of license fees by the State and/or its municipalities. All this Court intends to say in granting these motions to dismiss is that this Court now, in the exercise of its discretion as a court of equity, declines to afford the plaintiff the extraordinary relief it seeks in the absence of an affirmative showing that there is no plain, speedy and efficient remedy available to plaintiff in the courts of the State of Alabama. As Chief Justice Stone stated in Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407:

> " 'The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved.' Matthews v. Rodgers, supra, 525–26." [284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447.]

For the foregoing reasons and for good cause, it is the ORDER, JUDGMENT and DECREE of this Court that each of the motions filed herein separately and severally by each of the defendants, seeking to have this Court dismiss this complaint, be and each is hereby granted. This cause is ORDERED to be and the same is dismissed.

It is further ORDERED that the costs incurred in this proceeding be and they are hereby taxed against the plaintiff, for which execution may issue.