210 So.2d 696

**DUNBAR–STANLEY STUDIOS, INC.**

v.

**STATE of Alabama.**

**3 Div. 278.**

Supreme Court of Alabama.

May 13, 1968.

Thornton & McGowin, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellee.

## PER CURIAM.

This is an appeal from a final decree of the circuit court of Montgomery County, in equity, that upheld a final assessment of license taxes made by the State Department of Revenue against the appellant imposed by the last line of Section 569, Title 51, Code of Alabama, 1940, reading:

"* * * For each transient or traveling photographer, five dollars per week."

No procedural requisites are here questioned or involved.

Appellant, as we view the pleading and testimony, was a non-resident corporation with its principal place of business in Charlotte, North Carolina, and was so located during the period for which the assessment was made. It sent a photographer, in its employment, to Alabama, to perform the skilled service of taking children's photographs. The exposed film was sent to the North Carolina studio to be developed and converted into finished photographs, which were sent back to Alabama for delivery to appellant's customers. No photographer engaged in the service was a resident of Alabama.

It seems that the services relative to certain features of the operation were performed through a contractual arrangement with the parent office of J. C. Penney Company which operates stores in several counties in Alabama. The photographer, under the direction of appellant, visited several of the Penney stores in Alabama during the taxable period here under consideration and performed the photographic serv-

ice, that is, exposing the films for the purpose of making pictures of the subject children.

It further appears that the Penney stores caused certain advertising to be done which resulted in the recruitment of customers for the proposed photographic service. Penney also took the orders which were transmitted to appellant in Charlotte for acceptance. When the orders were accepted, the finished product was sent to the Penney store for delivery to the customer and collection of charges therefor. Penney received a percentage of the money so collected and accounted to appellant for the balance. Penney also made accounting reports to appellant and to its home office.

We might add that appellant prepared cards notifying its customers of the proposed visit of its photographer. These cards were all stamped and mailed by Penney. Penney also did a certain amount of newspaper advertising relative to the photographic service.

When the photographer arrived at the Penney store, he took the pictures, returned the exposed film to the principal office in North Carolina, where the film was developed, and the picture finished and returned to the Penney store for the delivery to the customer and collection of charges, as above noted. Appellant maintained no office, developing laboratory, or permanent agent in Alabama. The service of exposing the film on the subject child was performed in Alabama through the photographer, with equipment temporarily located in Alabama. With the exception of the laboratory work, preparing announcement cards, exposing the films, all the work incident to the photographic service was performed by Penney employees. We do not find anywhere in the record that the photographer took orders for the pictures. This was done, as we have stated, by Penney employees and mailed to appellant for acceptance.

The contention of appellant is that it was operating through the channels of interstate commerce, and was exempt under Article 1, Section 8, Constitution of the United States, which empowers Congress to regulate commerce among the several states. Appellant insists that the taking of the pictures, or exposing the films, was just a link in a chain of events that constituted an interstate transaction, and that it took all the activities enumerated above to constitute engaging in business as a photographer; hence, the license had to apply to all of it, or there would be no activity to which the license would apply. It insists that this activity, consisting of soliciting orders for out of state activity ending in delivery into the State, is a continuous stream or flow of events which meets the definition of interstate commerce.

Appellee insists that no exemption obtained, and that appellant in exposing the films and taking the pictures of the children was engaged in a taxable event under Section 569, supra, and was subject to the flat tax imposed by said section.

Appellant and appellee have both submitted elaborate and comprehensive briefs in support of their respective contentions. We have carefully reviewed the arguments and the cases cited in an effort to resolve the law applicable to the pleadings and evidence. Such a resolution is not altogether free from difficulties.

While there were interstate orders submitted to appellant for the finished product, namely, the pictures, and certain preliminary advertising by Penney in recruiting business and customers, we cannot escape the impact and pertinency of two of our Alabama decisions rendered by this court on similar photographic transactions, although in some factual areas not on all fours with the instant transactions. We do not think these factual differences affect the basic pronouncements of this court in Graves v. State, 258 Ala. 359, 62 So.2d 446 (1953), and in Haden v. Olan Mills, Inc., 273 Ala. 129, 135 So.2d 388 (1961). We ob-

served in the *Graves* case, supra, as follows:

"* * * It is not necessary to perform all the essentials of the art in Alabama to constitute one a photographer subject to license as such in Alabama. The performance of an important feature of it in Alabama is justification for exercising the licensing power. * * * The distinction between such a situation and that of drummers soliciting and procuring sales to be consummated by interstate shipments has been narrowly drawn in express terms, as we have shown. The principle of the drummers' license cases has not been extended by the United States Supreme Court to a situation where there was locally performed an essential physical act in the performance of a transaction and where the license was directed solely at that local activity, and where it is not laid on interstate transportation nor is an undue burden upon it."

Paraphrasing Lucas v. City of Charlotte, 4 Cir., 86 F.2d 394, 109 A.L.R. 297, the actual work of the photographer in the instant case and the mechanical finishing of the negatives in Charlotte, North Carolina, does not change the fact that the photographer is carrying on his business at the Penney stores in the State of Alabama.

Our observation in the Haden v. Olan Mills, Inc. case, supra, that the conduct of the photographer in the State is a separate and distinct incident upon which the license tax falls has merit and applies to the facts here.

We observed in Family Discount Stamp Co. of Georgia v. State, 274 Ala. 322, 325, 148 So.2d 218, 220, that in the *Graves* and *Haden* cases, supra, "there was local activity in Alabama which could be separated from the interstate process or flow of commerce. We do not think that condition exists in this case."

We are constrained to adhere to our pronouncements in the Graves v. State, supra, and Haden v. Olan Mills, Inc., supra, cases until the Supreme Court of the United States has expressed itself on the factual situation before us.

 We hold that the license tax required of transient or traveling photographers by Section 569, supra, should be collected from appellant, because of its so-called traveling operation in this State, until the Supreme Court of the United States holds to the contrary. The license tax is upon a local activity and does not infringe on or constitute a burden on interstate commerce.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

LIVINGSTON, C. J., and LAWSON, COLEMAN and HARWOOD, JJ., concur.