## DUNBAR-STANLEY STUDIOS, INC. *v.* ALABAMA.

No. 376.  Argued January 16, 1969.—Decided February 25, 1969.

*J. Edward Thornton* argued the cause for appellant. With him on the briefs was *Glen B. Hardymon.*

*William H. Burton,* Assistant Attorney General of Alabama, argued the cause for appellee.  With him on the brief were *MacDonald Gallion,* Attorney General, and *Willard W. Livingston,* Assistant Attorney General.

Mr. Justice Fortas delivered the opinion of the Court.

Alabama levies a tax upon photograph galleries and persons engaged in photography. If the business is conducted "at a fixed location," the tax in the large cities [1] is $25 a year for each such location. For each "transient or traveling photographer," the tax is $5 per week for each county, town, or city in which he plies his trade.[2]

This case involves state assessments of the transient photographers tax against appellant and its predecessor partnership.[3] Appellant sought a declaration from the state courts that the assessment was improper, claiming that the tax was levied upon interstate commerce, in conflict with the Commerce Clause of the Constitution. The Supreme Court of Alabama sustained the tax. 282 Ala. 221, 210 So. 2d 696 (1968). We affirm.

Appellant is a photography firm specializing in selling photographs of children. It is organized as a North Carolina corporation and its principal office and process-

---

[1] For smaller towns, the rate is stepped down. The lowest rate is $3 a year for localities with fewer than 1,000 inhabitants.

[2] Title 51, Code of Alabama § 569, prior to its amendment in 1967, read as follows:

"Photographers and photograph galleries. Every photograph gallery, or person engaged in photography, when the business is conducted at a fixed location: In cities and towns of seventy-five thousand inhabitants and over, twenty-five dollars; in cities and towns of less than seventy-five thousand and not less than forty thousand inhabitants, fifteen dollars; in cities and towns of less than forty thousand and not less than seven thousand inhabitants, ten dollars; in cities and towns of less than seven thousand and over one thousand inhabitants, five dollars; in all other places whether incorporated or not, three dollars. The payment of the license required in this section shall authorize the doing of business only in the town, city or county where paid. For each transient or traveling photographer, five dollars per week."

[3] No point has been made as to the identity of the taxpayer or its liability for the tax if it may be constitutionally levied.

ing plant are in Charlotte, North Carolina. It has no office or place of business in Alabama, nor does it maintain an inventory there. Its activities in that State stem from a contract between appellant and J. C. Penney Co. Penney operates department stores in eight cities in Alabama, as well as elsewhere in the Nation. By the terms of the contract, as summarized in the complaint, appellant's photographers, nonresidents of Alabama, "were at the disposal of the local Penney stores. The local store manager requested Appellant to send representatives for picture taking on specified dates." During the period for which the tax has been assessed, appellant's photographers were sent to J. C. Penney stores in eight Alabama cities. According to the complaint, each visit lasted two to five days, and each city was visited from one to five times a year.

The Penney stores advertised the photographic service, inviting parents to bring their children to be photographed during the visit by appellant's photographer. Each store took the order for the photographs, arranged the time for the sitting, provided a place in the store for the temporary studio, collected the money, and delivered the pictures to the customer when completed. Appellant was paid a percentage of the receipts from the Penney stores.

Appellant's activities were limited to taking the pictures, transmitting the exposed film to its office in North Carolina where it was developed, printed, and finished, and mailing the finished prints to the Penney stores in Alabama.

It is clear from the taxing statute itself and from the decisions of the Supreme Court of Alabama that the tax is laid upon the distinctive business of the photographer, not upon the soliciting of orders or the processing of film. *Graves* v. *State,* 258 Ala. 359, 62 So. 2d 446 (1952); *Haden* v. *Olan Mills, Inc.,* 273 Ala. 129, 135 So. 2d 388

(1961). Appellant argues that since each of its photographers came into Alabama from North Carolina to ply his trade, bringing his equipment with him, and since he merely exposed his film in Alabama, the developing, printing, and finishing operation being conducted in North Carolina, his activities in Alabama are an inseparable part of interstate commerce and cannot constitutionally be subject to the Alabama license tax. Appellant relies upon familiar cases decided by this Court holding that the Commerce Clause precludes a state-imposed flat sum privilege tax on an interstate enterprise whose only contact with the taxing State is the solicitation of orders and the subsequent delivery of merchandise within the taxing State. *West Point Wholesale Grocery Co.* v. *Opelika,* 354 U. S. 390 (1957); *Memphis Steam Laundry Cleaner, Inc.* v. *Stone,* 342 U. S. 389 (1952); *Nippert* v. *City of Richmond,* 327 U. S. 416 (1946). Such taxes have a substantial inhibitory effect on commerce which is essentially interstate.

But these cases are not applicable to the present facts. In determining whether a state tax imposes an impermissible burden on interstate commerce, the issue is whether the local activity which is made the nominal subject of the tax is "such an integral part of the interstate process, the flow of commerce, that it cannot realistically be separated from it." *Michigan-Wisconsin Pipe Line Co.* v. *Calvert,* 347 U. S. 157, 166 (1954). If, for example, a license tax were imposed on the acts of engaging in soliciting orders or making deliveries, conflict with the Commerce Clause would be evident because these are minimal activities within a State without which there can be no interstate commerce. But in the present case, the "taxable event," as defined by the State's courts, is "pursu[ing] the art of photography in Alabama." *Graves* v. *State,* 258 Ala. 359, 362, 62 So. 2d 446, 448. When appellant's photographers set up their equipment

in the local stores, posed the children brought to them to be photographed, and operated their cameras, they were engaged in an essentially local activity: the business of providing photographers' services. The essentially local character of the activity is emphasized by the intimate connection between appellant's photographers and the local stores in which they set up their temporary studios. Engaging in such local business may constitutionally be made subject to local taxation. *E. g., Alaska* v. *Arctic Maid,* 366 U. S. 199 (1961).

It could hardly be suggested that if J. C. Penney had set up its own resident or transient photography studios, using its own employees, such a photography business would have been exempt from state licensing merely because it chose to send the exposed film out of the State for processing. The extraction of a natural resource within a State is not immunized from state taxation merely because, once extracted, the product will immediately be shipped out of the State for processing and sale to consumers. *Alaska* v. *Arctic Maid, supra,* at 203–204; *Oliver Iron Mining Co.* v. *Lord,* 262 U. S. 172, 177–179 (1923). Cf. *Toomer* v. *Witsell,* 334 U. S. 385, 394–395 (1948). *A fortiori,* the fact that an intermediate processing stage takes place outside the State before the pictures are returned to the State for final delivery does not make the taking of the pictures—the activity on which the tax was imposed—so inseparable a part of the flow of interstate commerce as to be immune from state license taxation. The mere substitution for J. C. Penney's own employees of a transient photographer who comes into Alabama from North Carolina does not convert the essentially local activity of photographing the subjects into an interstate activity immune from the state privilege tax. Cf. *Caskey Baking Co.* v. *Virginia,* 313 U. S. 117 (1941); *Wagner* v. *City of Covington,* 251 U. S. 95 (1919).

Nor is the tax invalid as a discrimination against interstate commerce. Alabama's tax is levied equally upon all transient or traveling photographers whether their travel is interstate or entirely within the State. On the record before us, there is no basis for concluding that the $5 per week tax on transient out-of-state photographers is so disproportionate to the tax imposed on photographers with a fixed location [4] as to bear unfairly on the former. Cf. *West Point Wholesale Grocery Co.* v. *Opelika,* 354 U. S. 390 (1957); *Best & Co.* v. *Maxwell,* 311 U. S. 454 (1940). In none of the cities for which appellant's complaint gives the details of its activities would the transient tax imposed on it have exceeded that which a fixed-location photographer would have had to pay to operate in the city.[5] For example, in 1965,. five visits are listed to Mobile, resulting in an assessed tax of $25. This is equal to the flat rate tax which a photographer permanently located in the city would have had to pay. Since, according to the complaint, the maximum tax on appellant in any year for any city would be $25,[6] the burden could hardly be prohibitive.

*Affirmed.*

Mr. Justice White, concurring.

Alabama taxes its transient photographers on a different, and often more burdensome, basis than those not

---

[4] See n. 1, *supra.*

[5] Appellant asserts in its brief—but not in the complaint—that the taxes assessed for its operations in Birmingham were almost twice what a fixed-location photographer would have had to pay for the same period. Even assuming that to be true, we are not prepared to say that this relative burden is improper, given the differences between the two ways of carrying on the business.

[6] Allegedly, there were up to five visits per year to each city, each visit extending from two to five days. The tax rate for a transient photographer was $5 for each week of operation in a locality.

in that category. If firms operating precisely as appellant does, and mailing their film to a central point within the State for development, are taxed as transient photographers then there is no unconstitutional discrimination against interstate commerce. But if appellant is taxed as a transient photographer because its films are sent for development across a state line, then there is discrimination against interstate commerce. Although appellant contends that it is because of the interstate shipment of films that the transient tax was applied, and although the decision in *Haden* v. *Olan Mills, Inc.*, 273 Ala. 129, 135 So. 2d 388 (1961), arguably supports that view, I do not think that a sufficient showing has been made in this record that Alabama has so applied its tax. Since the burden of proof is on the appellant here, I join the Court despite the uncertainty of the record on this score.