LARIO, J. T. C.
The question presented by this case is whether plaintiff, a foreign corporation, was properly subject to taxation by the State of New Jersey under its New Jersey Business Tax Act, N.J.S.A. 54:10A-1 et seq. (act). By virtue of the act plaintiff was originally assessed taxes due for the years 1966 through 1973, together with interest and penalties. The calculation of the tax, which was based upon plaintiff’s income within the State of New Jersey, plus interest and penalties, is not in dispute. Plaintiff paid the original assessment but not the interest and penalties. It subsequently filed this appeal seeking a refund of the assessment paid and abatement of the interest and penalties imposed.
Plaintiff is a corporation of the Commonwealth of Pennsylvania engaged in the school photography business. During the period in question its main office was located in Philadelphia. Plaintiff contends that as a foreign corporation it is not subject to be taxed under the act because it was engaged in interstate commerce and its activities in the State of New Jersey did not go beyond the soliciting and making of sales; hence, it is provided immunity under the provisions of the Interstate Commerce Tax Act, 73 Stat. 555; 15 U.S.C.A. § 381 et seq. (hereinafter referred to as § 381).
Plaintiff’s operation in New Jersey consisted of its solicitation of contracts with various high schools located within the State whereby it agreed to take photographs of senior students and also group and activity photographs. It further agreed to submit to the schools one finished print of each student’s photograph and also each group and each activity picture for reproduction in the school’s annual yearbook, at no charge to the schools and students. As part of its agreement plaintiff had the right to independently solicit orders for finished copies of the photographs from each student and to charge a fee for same. *367 In the event students ordered photographs they became individually responsible for the cost and agreed to pay it. In some circumstances a rebate was given by plaintiff to the school based upon the percentage of the total sales.
Plaintiff owned no real estate nor did it maintain an office or rent any property within the State in conjunction with its business. Through its agents or representatives it contacted the various schools to solicit agreements, as hereinabove set forth. The original contracts with the schools were made both in person in New Jersey and by telephone from Philadelphia. After the agreements were concluded plaintiff arranged for the photographs by sending its agents to the schools in New Jersey for the purpose of taking the photographs. Plaintiff estimated that 85% of all student photographs were taken at the schools in New Jersey. The remaining 15% involved absenteeism and other reasons of unavailability, as a result of which plaintiff usually rescheduled the taking of the photographs on another day at the school or arranged for the student to go to plaintiff’s place of business in Philadelphia to be photographed. All group and activity pictures were photographed in New Jersey.
All of the negatives, including those taken in New Jersey, were developed in Pennsylvania. When the photographs were initially taken, students were advised by plaintiff that they had the right to purchase individual photographs, and some students’ orders were taken immediately and deposits received. Other orders took place by subsequent solicitation and by way of the U. S. mails whereby proofs were mailed to students’ homes with a price list. In some cases members of plaintiff’s company, or alleged independent contractors, would contact students in New Jersey to solicit orders.
The act imposes a franchise tax upon every corporation, domestic and foreign, “for the privilege of having or exercising its corporate franchise in this State, or the privilege of doing business, employing or owning capital or property, or maintaining an office, in this State....” N.J.S.A. 54:10 A-2.
*368 The tax of a corporate taxpayer which maintains a regular place of business outside the State of New Jersey, other than a statutory office, is computed by an apportionment formula. N.J.S.A. 54:10A-6. In computing plaintiff’s tax liability, the Director applied this formula to income figures submitted by plaintiff.
In Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), the United States Supreme Court repeated the language of Colonial Pipeline Co. v. Traigle, 421 U.S. 100, 108, 95 S.Ct. 1538, 1543, 44 L.Ed.2d 1 (1975), in which it had said
decisions of this Court, particularly during recent decades, have sustained nondiscriminatory, properly apportioned state corporate taxes upon foreign corporations doing an exclusively interstate business when the tax is related to a corporation’s local activities and the State had provided benefits and protections for those activities for which it is justified in asking a fair and reasonable return, [at 287, 97 S.Ct. at 1083]
New Jersey’s corporation business tax has been determined to be a fairly apportioned, nondiscriminatory means of requiring foreign corporations to pay their fair share of the cost of this State’s government upon which they rely and by which they are furnished protection and benefits. Roadway Express, Inc. v. Director, 50 N.J. 471, 490-492, 236 A.2d 577 (1967), app. dism. for want of a substantial federal question, 390 U.S. 745, 88 S.Ct. 1443, 20 L.Ed.2d 276.
Although New Jersey’s act has been declared valid, Glick claims its income earned from New Jersey sales is immune from taxation by this State by reason of the United States Congress’ enactment of § 381, which provides in pertinent part:
(a) No State, or political subdivision thereof, shall have power to impose, for any taxable year ending after September 14, 1959, a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:
(1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejections, and if approved, are filled by shipment or delivery from a point outside the State-, and,
(2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person *369 if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1).
(c) For purposes of subsection (a) of this section, a person shall not be considered to have engaged in business activities within a State during any taxable year merely by reason of sales in such State, or the solicitation of orders for sales in such State, of tangible personal property on behalf of such person or one or more independent contractors, or by reason of the maintenance of an office in such State by one or more independent contractors whose activities on behalf of such person in such State consist solely of making sales, or soliciting orders for sales, of tangible personal property.
(d) For purposes of this section—
(1) the term ‘independent contractor’ means a commission agent, broker, or other independent contractor who is engaged in selling, or soliciting orders for the sale of, tangible personal property for more than one principal who holds himself out as such in the regular eourse of his business activities; and,
(2) the term ‘representative’ does not include an independent contractor. [Emphasis supplied]
There is no question but that during the years in question Glick was engaged in interstate commerce and its New Jersey income was generated from solicitation of orders and sales of photographs. We must now ascertain whether in deriving said income, Glick’s only business activities within the State consisted solely of making sales or solicitation of orders for sales.
In businesses other than local selling, the process of drawing the line between the interstate and the local business has been tortuous and uncertain. Manufacturing or producing goods for interstate shipment is a local activity preceding the commerce. [Hellerstein & Hellerstein, State and Local Taxation (4 ed.1978), at 304]
The test to determine if an out-of-state business must comply with a state levy has been set forth by the United States Supreme Court as whether the taxing state has given anything for which it can ask return; whether the foreign business enjoys the protection or benefits of the state; whether there is a sufficient nexus, “some definite link, some minimum connection, between the state and the person, property or transaction it seeks to tax.” National Bellas Hess, Inc. v. Revenue Dep’t, 386 U.S. 753, 756, 87 S.Ct. 1389, 1391, 18 L.Ed.2d 505 (1967).
In furtherance of its New Jersey business, in the instant case after plaintiff completed its contract it transported its photographic equipment into New Jersey. It set up its equipment in *370 space and quarters provided by the schools. 85% of all the students’ portraits were photographed within New Jersey. 100% of the group pictures and of the activities pictures were photographed within the State. Power, light and shelter were provided to Glick’s property and its representatives. When photographs were snapped, a chemical reaction was initiated producing an image upon a negative, which constitutes part of a manufacturing process. Plaintiff also collected payment in New Jersey, both upon solicitation of its orders and upon delivery thereof.
In Dunbar-Stanley Studios, Inc. v. Alabama, 393 U.S. 537, 89 S.Ct. 757, 21 L.Ed.2d 759 (1969), plaintiff was a foreign corporation which sent photographers to J. C. Penney stores located in Alabama under contractual arrangement to take photographs of customers recruited by Penneys. Plaintiff took the photographs in Alabama and returned them to the taxpayer’s studio in North Carolina where the negatives were developed and finished photographs were returned to Alabama for delivery to the customer. Under its license tax, the State of Alabama levied a tax of $5 a week on each transient photographer. In sustaining the levy the United State Supreme Court held that the taking of photographs in Alabama was a locally taxable event, separable from plaintiff’s interstate aspects, and that the traveling photographer was carrying on local business.
In the instant case, by taking photographs and accepting payments within the State, Glick’s activities in New Jersey went far beyond mere solicitation of orders or the making of sales. It was actively engaged in a business within this State. The nexus of Glick’s localized activities within the State were of sufficient extent to conclude that New Jersey afforded substantial protection and gave benefits to plaintiff’s enterprises within this State, thereby subjecting it to taxation by this State.
Plaintiff’s application for refund and abatement is denied. Judgment will be entered affirming the tax as assessed by the Director.