The Honorable Carl A. Crow, Jr. Prosecuting Attorney P.O. Box 1620 Hot Springs, Arkansas 71902-1620
Dear Mr. Crow:
This is in response to your request for an opinion regarding the constitutionality of Ark. Stat. Ann. 71-1501 — 71-5612 (Supp. 1985).
These statutes reflect the codification of Act 587 of 1983 under which "transient merchants" must obtain a license accompanied by a two hundred and fifty dollar ($250.00) license fee and a bond in the amount of two thousand dollars ($2,000.00), or five percent (5%) of the wholesale value of any goods, wares, merchandise or services to be offered, whichever is less. See 71-5609. "Transient merchant" is defined as "any person, firm, corporation, partnership, or other entity which engages in, does or transacts any temporary or transient business in the State, either in one locality or in traveling from place to place in the State, offering for sale or selling goods, wares, merchandise or services . . .," and "temporary or transient business" means any business conducted for the sale or offer for sale of such goods or services for a period of less than six (6) months in each year. See 71-5603(a) and (b). Certain exemptions are set forth in 71-5604.
I have enclosed a copy of Opinion Number 83-197, issued October 10, 1983, wherein we state our opinion that these provisions could withstand a constitutional attack on the grounds of vagueness or equal protection.
A challenge based upon the Commerce Clause of the United States Constitution (Art. 1, 8, cl. 3) must also be considered. Although this clause speaks in terms of power bestowed upon Congress, the United States Supreme Court has long recognized that it also limits the power of states to erect barriers against interstate trade. Cooley v. Board of Wardens, 12 How. 299, 13 L.Ed. 996
(1852); H.P. Hood Sons, Inc. v. DuMond, 336 U.S. 525 (1949); Philadelphia v. New Jersey, 437 U.S. 617 (1978); Hughes v. Oklahoma, 441 U.S. 322 (1979).
The Act does not on its face discriminate against interstate commerce. Its requirements are imposed uniformly upon all "transient merchants," regardless of their status as residents or nonresidents. However, it is clear that a court will look beyond the ostensible reach of an act's language to determine whether the requirements imposed will in practical operation work any discrimination against interstate commerce. See, e.g., Locoste v. Louisiana Dept. of Conservation, 263 U.S. 545 (1924); Best Co. v. Maxwell, 311 U.S. 454 (1940); Pike v. Bruce Church, Inc.,397 U.S. 137 (1970).
The United States Supreme Court has stated, however, that the "drummer" cases are limited to those instances where taxes or license fees are imposed upon the business of soliciting orders for the purchase of goods to be shipped in interstate commerce. See, e.g., McGoldrick v. Berwind-White Coal Min. Co., 309 U.S. 33
(1940); Breard v. Alexandria, 341 U.S. 622 (1951). The Court stated as follows in Breard v. Alexandria, 341 U.S. at 636:
 While taxation and licensing of hawking of peddling, defined as selling and delivering in the state, has long been thought to show no violation of the Commerce Clause, solicitation of orders with subsequent shipment has been immune from such exaction.
It is significant to note in this regard that "sales of goods, wares or merchandise by sample catalogue or brochure for future delivery" are exempt from the requirements of Act 587. See 71-5604(c). This exemption may operate to effectively remove the Act from the long line of "drummer" cases.
The case of Dunbar-Stanley Studios v. Alabama, 393 U.S. 537 (1969) may, instead, be relied upon in support of the proposition that the license fee and bond imposed under 71-5601 — 5612 are not levied upon interstate commerce in violation of the Commerce Clause. The United States Supreme Court was faced in that case with a state tax imposed upon "transient or traveling photographers." These persons were assessed a tax of $5.00 per week "for each such location in which he plies his trade." Businesses conducted "at a fixed location" were subject to a tax of $25.00 per year for each county, town, or city.393 U.S. at 538. The appellants were nonresident photographers who were sent by their North Carolina firm to stores throughout Alabama, with each visit lasting two to five days, and each city visited from one to five times a year.
The Court noted that the tax was not levied upon the "soliciting of orders or the processing of film," 393 U.S. at 539, distinguishing the facts at hand from cases involving a "state-imposed flat sum privilege tax on an interstate enterprise whose only contact with the taxing State is the solicitation of orders and the subsequent delivery of merchandise within the taxing State." 393 U.S. at 540, citing, inter alia, Memphis Steam Laundry v. Stone, 342 U.S. 389 (1952); Nippert v. Richmond, supra. The Court continued by noting the following:
 If, for example, a license tax were imposed on the acts of engaging in soliciting orders or making deliveries, conflict with the Commerce Clause would be evident because these are minimal activities within a State without which there can be no interstate commerce. But in the present case, the `taxable event,' as defined by the State's courts, is `pursuing the art of photography in Alabama.' Id.
This case would appear to support the conclusion that the requirements set forth in 71-5601 — 5612 are imposed upon a local activity which may constitutionally be made subject to such requirements. There is, moreover, no unlawful discrimination against interstate commerce since the license fee and bond requirements operate equally upon resident and nonresident "transient merchants." We have no facts supporting the contention that these requirements will in their practical operation work any discrimination against interstate commerce.
It is therefore my opinion, based upon the foregoing, that Ark. Stat. Ann. 71-5601 — 5612 will on its face withstand constitutional scrutiny.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.