MADDOX, Justice.
We have examined petitioner’s request that we review the opinion of the Court of Criminal Appeals in this case, and specifically, his contention that the Court of Criminal Appeals, 513 So.2d 1032 (1986), erred in affirming the trial court’s refusal to allow him to present surrebuttal testimony.
In the opinion of the Court of Criminal Appeals, the following statement of facts is made:
“We have attempted by the foregoing quotations from the transcript to show everything that was said and done with reference to the effort by defendant’s attorney to present surrebuttal testimony. As disclosed by the above, it appears that defendant’s attorney did at one time prior to the arguments of the attorneys to the jury make an effort to present surrebuttal testimony. However, it is clear that defendant’s attorney did not persist in such effort at that time and that no further effort was made until after the conclusion of the oral arguments of counsel for the parties.... ”
For a better understanding of the statement made in the opinion of the Court of Criminal Appeals, and, more specifically, the statement that “defendant’s attorney did not persist in such effort at that time,” we have gone to the original record for a better understanding of exactly what did occur and at what time.
After examining the appropriate portions of the original record, we agree with the findings made by the Court of Criminal Appeals that in this particular case, the defendant’s attorney, in fact, did not properly preserve his right, if he had one, to present surrebuttal testimony.
By going to the record in this case, we should not be understood as holding that this Court will follow this procedure in every case. Writs of certiorari are frequently denied without any consideration of the merits. Haden v. Olan Mills, Inc., 273 Ala. 129, 135 So.2d 388 (1961). A denial of certiorari should never be considered as an expression by the reviewing court on the merits of the controversy. See Hamilton Brown Shoe Co. v. Wolf Brothers, 240 U.S. 251, 36 S.Ct. 260, 60 L.Ed. 629 (1916). Our denial of the writ should not be understood as approving or disapproving the language used, or the statements of law contained in the opinion of the Court of Criminal Appeals. See Cooper v. State, 287 Ala. 728, 252 So.2d 108 (1971).
WRIT DENIED.
ALMON, BEATTY, ADAMS and HOUSTON, JJ., concur.