LYONS, Justice
(concurring specially).
Under analogous rules from other jurisdictions, authority can be found on both sides of the question whether a document filed by a corporation without counsel can serve as an appearance that triggers the requirement that notice be given before the entry of default against the corporation. Where the corporate officer lacks the sophistication to recognize the requirement of retaining counsel at the time of serving and filing a document in response to the complaint, courts have deemed the document filed an appearance and therefore have required notice before the entry of a default judgment. See Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491, 493 (S.D.Tex.1961):
“Defendant Rosson-Richards Co. of Texas, Inc., had a right to believe that by its letter of March 14-th to counsel for plaintiff in answer to the summons, it had appeared in the action. Under these circumstances Rule 55(b)(2), F.R. Civ. P., reading in part as follows:
“ ‘... If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application....’
“applies. The letter of defendant served on plaintiffs counsel was an appearance, and it became the duty of Plaintiffs counsel, when seeking a judgment by *510 default, to apprise the Court of said letter and to give the notice contemplated under Rule 55(b)(2). If this had been done, the defendant could have employed counsel at that time, just as it did when the writ of execution was served on it.”
(Emphasis added.) See also Operating Eng’rs Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F.Supp.2d 1022, 1024 (E.D.Wis.2001):
“In addition, it is not obvious to a layperson that a non-attorney corporate officer may not appear pro se on a corporation's behalf Given the significance of summary default or dismissal, a corporation attempting to proceed pro se must be provided notice that it is required to appear by counsel, just as a pro se plaintiff must be provided notice of the serious consequences of failing to submit affidavits in response to a motion for summary judgment.”
(Emphasis added.) Compare Seme v. E & H Prof'l Sec. Co., (No. 08-CV-01569-RPM-KMT, March 19, 2010) (D.Colo.2010) (not published in F.Supp.):
“Defendants have twice sought to appear before this court without counsel. The couri has repeatedly informed Connie Edwards that corporations cannot appear through a non-attorney corporate officer, such as Ms. Edwards, appearing pro se. (Doc. Nos.18, 28); see Harrison v. Wahatoyas, LLC, 253 F.3d 552, 556 (10th Cir.2001). Since no attorney has entered an appearance on behalf of Defendant companies and none of the appearances by Ms. Edwards before this court were proper, the court finds that Defendant companies have failed to appear pursuant to the Rules. Accordingly, the seven day notice requirement of Fed.R.Civ.P. 55(b)(2) is inapplicable.”
(Emphasis added.) Under the circumstances here presented, I concur with the conclusion in the main opinion that the document filed by Iradj Tarassoli constituted an appearance by Progressive Industries, Inc., for purposes of Rule 55(b)(2), Ala. R. Civ. P.
I recognize that this view is consistent with the dissenting opinion in Ex parte Hy-Line Enterprises, Inc., 751 So.2d 1247 (Ala.1999) (Hooper, C.J., dissenting). I am the only Justice currently on this Court who participated in that case, and I concurred to deny the petition for the writ of certiorari. Hy-Line stands as a good example of why the denial of a petition for the writ of certiorari should not be taken as an indication of approval of the intermediate appellate court’s disposition of the merits of the underlying controversy. Accord Ex parte Adderhold, 513 So.2d 1035, 1036 (Ala.1987) (“A denial of certiorari should never be considered as an expression by the reviewing court on the merits of the controversy.”).